684

BLASCO ET AL., APPELLEES, *v.*
MISLIK; VEJCHAR, APPELLANT.
[Cite as Blasco v. Mislik (1982), 69 Ohio St. 2d 684.]

(No. 81-616—Decided March 9, 1982.)

*Messrs. Allen, Ramsey & Assoc.* and *Mr. Lloyd Ramsey,* for appellees.

*Messrs. Krause, Klein & Assoc., Mr. Austin T. Klein, Mr. William Droe* and *Mr. Jeffrey F. Slavin,* for appellant.

*Per Curiam.* A party seeking relief from a default judgment pursuant to Civ. R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146. In the instant case, the appellant has failed to allege operative facts which meet the second and third requirements of this test.

Civ. R. 60(B) is a remedial rule and should be liberally construed, *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, 248. Nevertheless, absent a showing of one of the grounds for relief set forth in Civ. R. 60(B)(1) through (5), duly entered default judgments must be accorded a degree of finality. As noted in *GTE Automatic Electric, supra,* at pages 149-150, "[r]egardless of whatever else may be said of a default judgment, it is a judgment. It is as good as any other judgment. It is a final determination of the rights of the parties."

Here the movant showed none of the grounds enumerated in Civ. R. 60(B)(1) through (4) nor "any other reason justifying relief from the judgment." Civ. R. 60(B)(5). In attempting to explain her failure to timely answer the complaint, the movant claimed only that judgment never should have been granted against her, that the complaint was "precatory," and that she "never anticipated that * * * [the] court would render a judgment against the Defendants." The appellant also contends

that the court should not have awarded attorney's fees of $1,450 to the plaintiffs.

These contentions merely challenge the correctness of the court's decision on the merits and could have been raised on appeal. Rule 60(B) relief, however, is not available as a substitute for appeal, see *Colley* v. *Bazell, supra,* nor can the rule be used to circumvent or extend the time requirements for filing an appeal. *Town & Country Drive-In Shopping Centers, Inc.* v. *Abraham* (1975), 46 Ohio App. 2d 262, 266. In the instant cause, the defendants simply disregarded or ignored their obligation under the Civil Rules to timely present their defenses.

Nor does a lapse of nearly two years constitute a "reasonable time" within which to seek Rule 60(B) relief absent unusual circumstances not present in this case.

Because the movant failed to allege any reason justifying her failure to timely answer the complaint, and because her Rule 60(B) motion was not made within a reasonable time, the trial court did not abuse its discretion in failing to grant relief from the default judgment.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY, HOLMES and KRUPANSKY, JJ., concur.

CELEBREZZE, C. J., LOCHER and C. BROWN, JJ., dissent.

CELEBREZZE, C. J., dissenting. The majority holds that the appellant did not qualify for relief under Civ. R. 60(B). In *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, the three requisites imposed upon a party seeking to have a default judgment vacated are set forth. I disagree and conclude that the facts presented in this case satisfy these requirements. First, a meritorious defense was presented; secondly, the motion was made within a reasonable time; and, lastly, the movant is entitled to relief under Civ. R. 60(B)(5).

This case is based upon a motion to vacate a default judgment with damages assessed. However, the prayer for damages in the complaint was predicated upon a fence being

erected which would obstruct appellees' driveway. The fact that a fence was never constructed is not disputed by appellees. Even though they did not suffer the damages alleged in the complaint, appellees were awarded $1,450 in a default judgment. Appellees contend that this award represented attorneys fees which they are entitled to receive. However, attorney fees are recoverable only when an award for punitive damages is proper. *United Power Co.* v. *Matheny* (1909), 81 Ohio St. 204, 211; *Langhorst* v. *Riethmiller* (1977), 52 Ohio App. 2d 137, 142; *Gustafson* v. *Cotco Enterprises, Inc.* (1974), 42 Ohio App. 2d 45, 52. Because appellees did not sustain the alleged damages, punitive damages and attorney fees were not appropriate. Therefore, the absence of the fence and the resulting lack of damages present a meritorious defense, as required by *GTE Automatic Electric, supra.*

The second requirement for relief pursuant to the rule is that the motion shall be made within a reasonable time. Courts have allowed a considerable time lapse when the time was reasonable under the circumstances.[2] Appellant contends that she was not aware of the judgment until appellees instituted proceedings to execute on it and that she filed a motion to vacate within one month of learning of the judgment. Considering the circumstances in this case, the filing was within a reasonable time as required for a motion to vacate. Appellant could not have perfected a timely appeal, as suggested by the majority, because she was not aware of the default judgment.

The facts also satisfy the last requirement under *GTE Automatic Electric, supra,* because the claim comes within the bounds of Civ. R. 60(B)(5). According to this provision, a court may relieve a party from a judgment for any other reason (than set forth in the previous sections) justifying relief from judgment. Justice requires granting the motion to vacate the default judgment for damages which never existed.

Concluding that the requirements for a motion to vacate have been satisfied is buttressed by the purpose of the rule of

---

[2] Pursuant to the comparable federal rule, courts have found more than one year to be reasonable. See *Clarke* v. *Burkle* (C. A. 8, 1978), 570 F. 2d 824, three years; *United States* v. *Cirami* (C. A. 2, 1977), 563 F. 2d 26, over two years; *Wink* v. *Rowan Drilling Co.* (C. A. 5, 1980), 611 F. 2d 98, certiorari denied, 66 L. Ed. 2d 26, over a year. But, see, *United States* v. *Manos* (S.D.E.D. Ohio 1972), 56 F. R. D. 655, 12 years is not reasonable.

permitting relief in the interest of justice. As stated by the majority opinion, Civ. R. 60(B) is a remedial rule and should be liberally construed. Therefore, when we apply these principles, the movant is entitled to relief from the judgment.

The fact that we are dealing with a default judgment should also be remembered. This court previously has applied a standard of liberality when considering a motion to set aside a default judgment. Any doubt should be resolved in favor of the movant so that cases may be decided on the merits. *GTE Automatic Electric, supra,* at page 151.[3]

For these reasons, the appellant is entitled to relief from the default judgment and I dissent.

LOCHER and C. BROWN, JJ., concur in the foregoing dissenting opinion.

---

[3] *Blois* v. *Friday* (C. A. 5, 1980), 612 F. 2d 938; *Medunic* v. *Lederer* (C. A. 3, 1976), 533 F. 2d 891; *Rooks* v. *American Brass Co.* (C. A. 6, 1959), 263 F. 2d 166.