Defendant-appellant David Staudt (hereinafter "Staudt") appeals the June 5, 1998 Judgment Entry of the Stark County Court of Common Pleas denying his Civ. R. 60(B) Motion for Relief from Judgment. Appellee is James Marshall (hereinafter "Marshall").
 STATEMENT OF THE FACTS AND CASE
On March 13, 1995, James R. Altimore dba Bob Altimore Excavating and Grading[1] filed a complaint in the Massillon Municipal Court naming Staudt, Marshall, and Ralph Halter, Helen Halter, William E. Halter, and Beatrice I. Halter (hereinafter "the Halters")[2] as defendants. Altimore alleged Marshall, as the general contractor, contracted with him to perform work and provide materials to grade and surface property owned by the Halters and subject to a land contract to Staudt. The clerk of the Massillon Municipal Court mailed a copy of the complaint via certified mail to Staudt at 5204 13th Street, SW, Canton, Ohio 44710. The certified mail was returned to the clerk as "unclaimed." Thereafter, the clerk sent a copy of the complaint via regular U.S. mail.
On May 13, 1996, Staudt filed an answer and counterclaim. The counterclaim alleged Altimore breached his contract with Marshall by failing to perform the grading and surfacing in a workmanlike manner. On May 23, 1996, Marshall filed an answer and cross-claim against Staudt and the Halters. On October 2, 1996, the trial court granted judgment in favor of Altimore against Marshall and Staudt. The trial court dismissed Staudt's counterclaim against Altimore and Altimore's complaint against the Halters. The case was continued for further proceedings between Marshall and Staudt. On January 21, 1997, Marshall filed a motion for leave to amend his cross-claim. The trial court granted Marshall's motion.
Because the amended cross-claim exceeded the monetary jurisdiction of the municipal court, the matter was transferred to the Stark County Court of Common Pleas. On March 7, 1997, Staudt filed an answer to Marshall's amended cross-claim and a cross-claim against Marshall. Staudt also filed a notice of substitution of counsel advising the trial court Attorneys James G. Mannos and Gary A. Corroto would be his counsel of record. On July 31, 1997, Attorneys Mannos and Corroto filed an application for leave to withdraw as counsel of record. The proof of service indicated a copy of the application was sent via certified mail to Staudt at 5205 14th Street, SW, Canton, Ohio 44710. Via Order dated August 6, 1997, the trial court granted Attorneys Mannos and Corroto's application to withdraw as counsel. In the August 6, 1997 Order, the trial court gave Staudt thirty days from the date of the entry to inform the court of new counsel, if any.
On October 22, 1997, Marshall filed a motion for summary judgment on his cross-claim against Staudt. The certificate of service indicated a copy of the motion was sent by regular U.S. mail to Staudt at 5205 14th Street, SW, Canton, Ohio 44710. The trial court scheduled a non-oral hearing on Marshall's motion for November 14, 1997. The clerk of courts sent a copy of the assignment notice by certified mail and by regular mail to Staudt at 5205 14th Street, SW, Canton, Ohio 44710. The certified mail was returned as unclaimed. Via Judgment Entry dated November 19, 1997, the trial court granted Marshall's motion for summary judgment. Staudt never filed a response to said motion. Via Judgment Entry dated December 1, 1997, the trial court entered judgment in favor of Marshall against Staudt in the amount of $23,735, plus pre-and post-judgment interest.
On March 11, 1998, Staudt filed a motion for relief from judgment pursuant to Civ. R. 60(B) alleging his failure to respond to Marshall's motion for summary judgment was the result of excusable neglect. Staudt maintained his neglect was excusable because he was not receiving any of his mail, including Marshall's motion, due to his relocating to new residences and because he was misled by his former attorney, Gary Corroto.
In his affidavit in support of his 60(B) motion and in his Brief to this Court, Staudt states he moved from 5204 13th Street, SW, Canton, Ohio 44710, the address listed on the dockets of the Stark County Court of Common Pleas and Massillon Municipal Court, in December, 1995. Staudt further states he moved to 5205 14th Street, SW, Canton, Ohio 44710, in April, 1996, and said address does not have a mailbox. In February, 1997, Staudt's estranged wife placed a forwarding order on all mail directed to 5205 14th Street, SW. Staudt claims, as a result of this forwarding order, he did not receive any mail. Staudt notes he resided for extended periods of time in Mentor, Ohio, and Lakeside, Ohio, during 1997.
Staudt submits he received a letter date August 25, 1997, from Attorney Corroto advising him the trial court had granted the attorney's application to withdraw as counsel and that he had until December 5, 1997, to inform the trial court of new counsel. Corroto's letter reads:
August 25, 1997
* * *
Dear Mr. Staudt:
 I attempted to send you copies of a Court Order granting our office's Application to withdraw as counsel of record, and giving you until December 5, 1997 to inform the Court of your new counsel. However, the certified mail has been returned to me because it was not claimed by you.
 Accordingly, I am enclosing the same herewith and sending it to you via regular mail in an effort to get these documents to you. Because we are no longer your counsel of record in this matter, we are closing your file.
Staudt explains, as a result of Corroto's letter, he assumed the trial court would not take any action on the matter until after December 5, 1997.
Marshall filed a memorandum in opposition to Staudt's motion for relief from judgment. Thereafter, the parties agreed to submit the matter to the trial court on the pleadings. Via Judgment Entry dated June 5, 1998, the trial court denied the motion for relief from judgment finding Staudt had failed to establish excusable neglect.
It is from this judgment entry Staudt appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
Herein, Staudt maintains the trial court erred in overruling his motion for relief from judgment because his motion established the existence of a meritorious defense and his failure to understand the trial court's deadlines was the result of excusable neglect.
"A motion for relief from judgment under 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75,77 (Citations omitted).
Civ. R. 60(B) provides, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *
A party seeking relief from a default judgment pursuant to Civ. R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed.See: GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146; Blasco v. Mislik (1982), 69 Ohio St.2d 684.
Upon careful review of the entire record in this matter, we find the last address on file for Staudt is 5205 14th Street, SW, Canton, Ohio 44710. According to the certificate of service attached to Marshall's motion for summary judgment, a copy of the motion was sent via regular U.S. mail to Staudt at that address. The record reveals no indication said mail was returned as undeliverable. Staudt admits he received Attorney Corroto's August 25, 1997 letter, which was also addressed to the 5205 14th Street, SW, Canton, Ohio 44710, address.
In light of the fact Staudt received Attorney Corroto's letter, which was mailed to the same address as Marshall's motion for summary judgment, we find the trial court had a right to presume Staudt received a copy of the motion. Staudt cannot benefit from claiming he did not receive the motion when the fact he admits receiving Corroto's letter belies his assertion.
Furthermore, even if the trial court accepted Staudt's arguably mistaken belief he had until December 5, 1997, to inform the court of new counsel, we find such mistaken belief did not relieve Staudt of his duty to apprise the trial court of his address changes. We hold a pro se litigant has an obligation to keep the trial court informed of any change of address. In the instant action, this obligation arose when Staudt was informed via Corroto's letter he no longer was represented by counsel; therefore, was acting pro se as of August, 1997. Additionally, we find, despite Staudt's arguably mistaken belief he had until December 5, 1997, to retain counsel, he was not relieved of his duty to respond to Marshall's motion for summary judgment.
In conclusion, we find the factors noted supra, sufficient from which the trial court could find Staudt's failure to timely respond to Marshall's motion was not the result of excusable neglect. Because the trial court's decision is supported by the record in this matter, we find the trial court did not abuse its discretion in overruling Staudt's motion for relief from judgment.
Staudt's sole assignment is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Gwin, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P.J., Hon. W. Scott Gwin, P.J., Hon. William B. Hoffman, J., JUDGES.
[1] Altimore and his company are not parties to this appeal.
[2] The Halters are not parties to this appeal.