This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant James Myers has appealed from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that denied his motion for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure. This Court affirms.
 I.
On April 28, 1983, Mr. Myers and appellee Dena L. Myers, n.k.a Dena Miller, (Mrs. Miller) were granted a decree of dissolution in the Summit County Court of Common Pleas, Domestic Relations Division. A separation agreement was attached and incorporated into the decree. The separation agreement contained the following provisions:
 It is further agreed that husband will pay one-half of his over-time net pay to wife as and for her alimoney (sic) and shall continue this payment as long as child support payments continues (sic).
 It is further agreed that upon the termination of all child support payments, the husband will begin paying wife Four hundred dollars ($400.00) per month until the wife reaches sixty-two years of age.
The agreement did not, however, contain a provision reserving the jurisdiction of the trial court to modify or terminate an award of alimony set forth in the agreement.
On December 2, 1996, Mr. Myers moved the trial court to terminate his spousal support obligation due to the remarriage of Mrs. Miller. On May 8, 1997, the trial court adopted the decision of the magistrate that found that the court did not have the jurisdiction to modify or terminate an award of alimony absent a reservation of jurisdiction in the separation agreement. Mr. Myers did not file objections to the magistrate's decision or file an appeal.
On March 13, 1998, Mr. Myers filed a motion for relief from judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure. Mr. Myers was seeking relief from the April 28, 1983 decree of dissolution and the May 8, 1997 judgment entry denying his motion for termination of spousal support. On May 29, 1998, the trial court held a hearing on the motion. On July 28, 1998, the trial court denied his motion. Mr. Myers timely appealed, asserting three assignments of error.
 II.
Assignment of Error No. 1
 The Trial Court erred as a matter of law and abused its discretion by holding that the Court was without jurisdiction to terminate an award of alimony upon [Mrs. Miller's] remarriage and for failing to terminate the alimony.
Assignment of Error No. 2
 The Trial Court erred as a matter of law and abused its discretion by denying [Mr. Myers] relief from judgment of the April 28, 1983 Decree of Dissolution and the May 8, 1997 Judgment Order pursuant to [Rule 60(B) of the Ohio Rules of Civil Procedure.]
Assignment of Error No. 3
 The Trial Court erred as a matter of law and abused its discretion by holding that res judicata bars [Mr. Myers'] Motions for Relief from Judgment.
Because his assignments of error are related, this Court will address them together. Mr. Myers has alleged that the trial court erred as a matter of law and abused its discretion by denying his motion for relief from judgment. Mr. Myers has argued that he was entitled to have the April 28, 1983 decree of dissolution and the May 8, 1997 judgment entry denying his motion for termination of spousal support vacated pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure.
In regard to the May 8, 1997 judgment entry, Mr. Myers has contended that the trial court erred when it determined that it did not have jurisdiction to modify the decree of dissolution and when it denied his motion to vacate that entry. It is important to note that Mr. Myers did not file objections to the decision of the magistrate nor did he appeal from the May 8, 1997 judgment entry. Under Ohio Law, Rule 60(B) motions cannot be used as a substitute for an appeal nor can the rule be used to circumvent or extend the time requirements for filing an appeal. Blasco v. Mislik (1982),69 Ohio St.2d 684, 686.
Mr. Myers' contentions merely challenge the correctness of the court's decision on the merits and could have been raised in objections to the magistrate's decision and on appeal. The trial court, therefore, did not abuse its discretion in denying his motion for relief for judgment as to that judgment entry. Accordingly, his first assignment of error and the portion of his second assignment of error dealing with the May 8, 1997 judgment entry are without merit.
In regard to the April 28, 1983 decree of dissolution, Mr. Myers has argued that he was entitled to relief from that judgment pursuant to Rule 60(B)(5). He has asserted that:
 to effect a just result, the trial court needed to relieve [him] from the enormous inequity of his continuing to pay alimony for a total period of twenty-seven (27) years after a sixteen year (16) marriage, until he is seventy-four (74) of age (sic) and to his ex-wife for fourteen (14) years after her remarriage.
Further, he has asserted that his relief from judgment would not require that the entire dissolution decree be vacated. He has contended that the dissolution decree can be vacated for the limited purpose of changing the spousal support provision.
The standard of review of a trial court's decision on a Rule 60(B) motion is whether the trial court abused its discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. See State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469. Rule 60(B) attempts to strike a balance between the competing principles that litigation must be brought to an end and that perfect justice should be done. In re Whitman (1998), 81 Ohio St.3d 239, 242. Because public policy favors finality of judgments, relief under Rule 60(B) is limited. Owiesny v. Owiesny (Dec. 9, 1992), Summit App. No. 15616, unreported, at 4.
The Ohio Supreme Court has held:
 To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where grounds for relief are Civ. R. 60(B)(1),(2) or (3), not more than one year after the judgment or order or proceeding was entered or taken.
GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three of the requirements must be met for the motion to be granted. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
Mr. Myers has argued that he met all three requirements of GTE, therefore, he was entitled to have the dissolution decree vacated. Because Mr. Myers has failed to meet the third requirement of GTE, this Court cannot find that the trial court abused its discretion in denying his motion for relief from judgment. In order to prevail on a motion brought under Rule 60(B), the movant must demonstrate that the motion was made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries, supra.
Mr. Myers has failed to show that his motion for relief from judgment was made within a reasonable time. Mr. Myers has argued that his motion was filed within a reasonable time because he was not aware that the alimony would not be modifiable if Mrs. Miller remarried. He has cited Edwards v. Edwards (Mar. 23, 1994), Montgomery App. No. 14022, unreported, 1994 Ohio App. LEXIS 1174, in support of his argument that his motion was filed within a reasonable time. His argument is without merit.
Although there is no definite time requirement under Rule 60(B)(5), the movant must show that it was filed within a reasonable time. In Edwards, the court found that the husband had filed his motion for relief from judgment as soon as he had learned that his ex-wife had moved in with another man in contemplation of marriage. Id. at *11. The court, therefore, held that, because he had filed his motion for relief from judgment as soon as he believed he was entitled to judgment, his motion was filed in a reasonable time. Id.
Mr. Myers became aware that his alimony was non-modifiable on May 8, 1997. He did not, however, file his motion for relief from judgment until March 13, 1998. Instead, he waited almost a year to file for relief from judgment. Mr. Myers failed to demonstrate to the trial court that the lapse of time from May 8, 1997 to March 13, 1998 was a reasonable amount of time. "Whether a motion is made within a reasonable time is a matter that is left to the discretion of the trial court." Owiesny, supra. Based on a review of the evidence before the trial court, this Court cannot conclude that the court abused its discretion in denying his motion for relief from judgment. Accordingly, Mr. Myers' second assignment of error is overruled.
Based on this Court's determination that that the trial court did not abuse its discretion in denying the motion for relief from judgment, Mr. Myers' third assignment of error is moot. Accordingly, pursuant to Rule 12(A)(1)(c) of the Ohio Rules of Appellate Procedure, this Court declines to address that assignment of error.
 III.
The judgment of the trial court is affirmed.
Judgment Affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
 FOR THE COURT
SLABY, P.J.
BATCHELDER, J.
CONCUR