OPINION
Defendant-appellant Thomas Childers appeals from an order of the trial court denying his "Motion to Adjust" an entry finding him to be an habitual sex offender. Although Childers argues that his motion to adjust the entry was in the nature of a motion for relief pursuant to Civ.R. 60(B), we conclude that it cannot be properly characterized as a motion for relief from judgment pursuant to Civ.R. 60(B), because it was used as a vehicle for asserting legal error in the trial court's earlier order determining him to be an habitual sex offender, which was properly the subject of an appeal. Civ.R. 60(B) may not be used as a substitute for appeal.
Because Childers is really seeking relief from the trial court's order of July 16, 1999, finding him to be an habitual sex offender, and imposing certain reporting requirements upon him, we conclude that his notice of appeal, which was filed September 15, 1999 is not timely, and his appeal must therefore be Dismissed.
 I
In 1978, Childers pled guilty, in two separate proceedings in Montgomery County, to one count of Kidnapping, one count of Felonious Assault, one count of Rape, and one count of Aggravated Robbery. In proceedings in Greene County, also in 1978, a jury found Childers guilty of two counts of Rape, one count of Robbery, and one count of Kidnapping.
In 1991, Childers was paroled, but he was returned to the prison system in 1992 as the result of a parole violation, albeit a parole violation that the trial judge in his classification hearing found to be of a minor nature.
In 1999, Childers was the subject of a sexual predator hearing on July 6 and 7. In a well-reasoned decision filed July 16, 1999, the trial court, in the person of the Hon. David G. Sunderland, found that the State had failed to prove, by clear and convincing evidence, that Childers was a sexual predator, but found that Childers had been convicted of one or more sexually oriented offenses, and ordered him classified as an habitual sex offender. The trial court elected not to subject Childers to the community notification requirements of R.C. 2950.09, but otherwise classified him as an habitual sex offender, and required him to comply with the reporting requirements applicable thereto, upon his release from prison.
Although parenthetical to the issues raised in this appeal, one paragraph of Judge Sunderland's decision so eloquently describes the plight of the trial judge in a sexual predator classification hearing that we reproduce it here:
 Clearly stated, the mandate of the legislature to the common pleas judges of this state is to grab their "crystal ball" (incidentally, not provided) and to prognosticate whether or not a defendant will ever in the future commit a sexual offense. Woe to the court whose "crystal ball" may be a little foggy due perhaps to the failure of the State to provide all of the relevant evidence or, more so, due to the vagaries of the remainder of a defendant's psychological life. The legislature has, however, mandated that the State's burden will be to show this propensity to recommit by clear and convincing evidence. Suffice it to say that the citizenry will overlook, in the event that the defendant should recidivate during the remainder of his or her life, the difficulties encountered by a jurist in making this determination.
On July 26, 1999, Childers filed a motion entitled "Motion to Adjust Entry: Defendant Is Sexually Oriented Offender, Not Habitual Sex Offender." The trial court overruled this motion by entry filed September 2, 1999. From this order, Childers appeals.
 II
Childers's sole assignment of error is as follows:
 WHETHER THE TRIAL COURT ERRED IN ADJUDICATING DEFENDANT AS A HABITUAL SEXUAL OFFENDER INSTEAD OF A SEXUALLY ORIENTED OFFENDER PURSUANT TO THE STATUTORY SCHEME IN O.R.C 2950.01ff AND THEREBY VIOLATE DEFENDANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.
As a threshold matter, the State has moved to dismiss this appeal, contending that it is not timely filed. The State contends that Childers's "Motion To Adjust Entry," from the denial of which this appeal is taken, was a nullity, and that the denial of a motion for relief that does not exist is not an appealable order. See State v. Karasek (March 18, 1999), Montgomery App. No. 17563, unreported. We agree that Childers is essentially seeking to appeal from the order finding him to be a habitual sex offender, which was filed July 16, 1999. Therefore, this appeal, filed September 15, 1999, is not timely.
Childers contends that a proceeding to classify a sexual offender pursuant to R.C. 2950.09 is a civil proceeding, because a sexual offender classification is purely remedial, not punitive, in nature, citing State v. Cook (1998), 83 Ohio St.3d 404. Childers then argues that his "Motion To Adjust Entry," although not denominated as such, should be considered to have been a motion for relief from judgment, filed pursuant to Civ.R. 60(B).
Whether a sexual offender classification proceeding, pursuant to R.C. 2950.09, is a civil proceeding to which Civ.R. 60(B) applies is a nice question, but not one that we need to decide in this case. Even if Civ.R. 60(B) applies in this case, it may not be used as a substitute for appeal. Blasco v. Mislik (1982),69 Ohio St.2d 684; Colley v. Bazell (1980), 64 Ohio St.2d 243.
In his memorandum contra the State's motion to dismiss this appeal, Childers characterized the grounds upon which he predicated his motion in the trial court, as follows:
 The basis for his request [for relief from the trial court] is his belief that the trial court made a mistake. He based his grounds for his motion in Civ.R. 60(B)(3): that the trial judge made a mistake of fact and of law in labeling him a habitual sex offender with a twenty year reporting period rather than a sex offender with a ten year reporting period.
Civ.R. 60(B)(3), to which Childers refers, lists the following as possible grounds for relief from a judgment:
 Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
It is clear that Childers was arguing in the trial court, and is now arguing in this court, that the trial judge reached an erroneous conclusion when he found Childers to be an habitual sex offender. This could, and should, have been tested by means of a direct appeal from the trial court's order of July 16, 1999. We conclude that even if Civ.R. 60(B) applies to sexual offender classification proceedings, Childers did not properly invoke it in this case, because he was using it as a substitute for an appeal. Consequently, we agree with the State that Childers's attempt to obtain reconsideration in the trial court was a nullity, and that, following our decision in State v. Karasek, supra, the denial of his motion for a form of relief that does not exist is not a final order that may be appealed. Accordingly, this appeal isDismissed.
 III
Were we to reach the merits of Childers's assignment of error, we would overrule it.
Childers relies upon R.C. 2950.09(C)(2)(b)(ii), which provides, in pertinent part, as follows:
 If the hearing is to determine whether the offender is a sexual predator, and if the court determines that the offender is not a sexual predator but that the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted, it shall include its determination that the offender is not a sexual predator but is a habitual sex offender in the offender's institutional record, shall attach the determinations to the offender's sentence, shall specify that the determinations were pursuant to division (C) of this section, [etc.].
Childers argues that the Montgomery County offenses are the ones "in relation to which the hearing [was] being conducted," and that the Greene County convictions were not previous to the Montgomery County offenses. Actually, it appears that Childers was sentenced for the Greene County rapes on March 2, 1978, before he pled guilty to the Montgomery County offenses, on April 12, 1978. Thus, it appears that Childers's Greene County convictions preceded his Montgomery County convictions. In any event, however, we agree with the State that it is only necessary that an offender's other sexually oriented offense or offenses shall have resulted in a conviction, or guilty plea, before the sexual predator classification hearing. We agree with the State that it would make no sense to construe the statute otherwise. Furthermore, the only events expressly referred to in R.C.2950.09(C)(2)(b)(ii) are the sexual predator hearing and determination, on the one hand, and the prior convictions or guilty pleas, on the other hand. Therefore, the temporal relationship suggested by the word "previously" would be between those events, requiring only that the other sexually oriented offense convictions precede the current sexual predator classification hearing and determination.
Accordingly, were we to reach the merits of Childers's assignment of error, we would overrule it.
 IV
For the reasons indicated in Part II, above, this appeal isDismissed.
BROGAN and YOUNG, JJ., concur.