DECISION AND JUDGMENT ENTRY
This divorce action is before the court on appeal from the Lucas County Court of Common Pleas, Domestic Relations Division, which denied the Civ.R. 60(B) motion of appellant Sandra J. Strain. For the reasons that follow, we find that the decision of the trial court must be affirmed.
The parties were divorced by a judgment entry filed December 23, 1992. Relevant to this appeal, the judgment entry provided:
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant, Patrick J. Strain, shall remain in the marital residence * * * and that plaintiff, Sandra J. Strain, shall upon Defendant's compliance with the additional agreements and Orders hereinafter set forth as they pertain to the appraisal and listing of the marital residence, shall Quit-Claim her interest to Defendant, Patrick J. Strain.
"* * *.
 "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff, Sandra J. Strain, in accordance with the appraisal of the property and Defendant's ability to refinance, or upon the sale of the residence, that Plaintiff, Sandra J. Strain, shall receive one-half (1/2) of the equity or net proceeds relative to the marital residence.
"* * *."
It is apparent from the record that appellee Patrick J. Strain did not immediately obtain refinancing or sell the home in order to pay appellant her one-half interest in the equity. Appellee's failure to do so was the subject of several motions in the trial court. Finally, in approximately January 1995, appellee obtained financing and made a payment to appellant, and appellant, in turn, executed a quit claim deed transferring to appellee all of her interest in the marital home. However, appellant claimed in the trial court that appellee did not make full payment to her, and on December 9, 1996, the trial court entered a judgment ordering appellee to make a lump sum payment to appellant of $12,091.88 plus interest and $1,000 attorney's fees.
On March 12, 1998, appellee filed with the trial court a Civ.R. 60(B)(4) motion[1] for relief from the December 9, 1996 judgment. Appellee argued in his motion that at the time the judgment was entered, his debt to appellant had been fully satisfied, as evidenced by the quit claim deed that appellant executed in favor of appellee. That deed stated, in pertinent part:
 "Subject to: This instrument is given pursuant to a Judgment Entry of Divorce entered in Lucas County Court of Common Pleas entitled Sandra J. Strain v. Patrick J. Strain bearing Case No. DR 91-1797 and further acknowledging that Defendant is in full compliance with the terms and conditions of the property settlement therein and that it has been paid and satisfied."
Having no evidence to the contrary, the trial court granted appellee's Civ.R. 60(B)(4) motion on July 15, 1998. Appellant did not appeal from this judgment.
On November 12, 1998, appellant moved the trial court for relief from the July 15, 1998 judgment pursuant to Civ.R. 60(B)(3) and (5), contending that appellee misled the court into believing that the debt appellee owed appellant was paid in full when both parties knew that this was not true. The trial court denied this motion on November 17, 1999, finding: (1) that appellant had not established a meritorious defense; (2) that appellant's allegation of fraud is addressed not by Civ.R. 60(B)(3) but by 60(B)(5); and (3) that appellant was not entitled to relief under Civ.R. 60(B)(5) since she failed to present any evidence at the hearing on appellee's motion for relief from judgment that the debt was not fully satisfied. The trial court also held that appellant's claims in support of relief from judgment were barred by res judicata.
Appellant appeals from the trial court's November 17, 1999 judgment entry denying her relief from the trial court's July 15, 1998 judgment, setting forth the following two assignments of error:
 "ERROR NO. 1: THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING DEFENDANT'S 60(B) AND MODIFYING A FINAL AND VALID PROPERTY DIVISION ORDER, IN VIOLATION OF O.R.C. 3105.171(I).
 "ERROR NO. 2: THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION VACATING THE JUDGMENT ENTRY OF DECEMBER 9, 1998 BASED UPON THE DOCTRINE OF RES JUDICATA."
We review the trial court's decision for abuse of discretion. Strackv. Pelton (1994), 70 Ohio St.3d 172, 174. Because appellant's assignments of error are actually two different arguments relating to one alleged error, we will address the assignments of error together.
It is well-established that a Civ.R. 60(B) motion is not to be used as a substitute for a direct appeal. See, e.g., Blasco v. Mislik (1982),69 Ohio St.2d 684, 686; Doe v. Trumbull County Serv. Bd. (1986),28 Ohio St.3d 128, 131. Here, appellant is doing just that: she is using a Civ.R. 60(B) motion to challenge the merits of the trial court's July 15, 1998 decision. She could have, and should have, filed a direct appeal from the trial court's decision. See Blasco, 69 Ohio St.2d at 686 (when a party makes arguments in a Civ.R. 60(B) motion that merely challenge "the correctness of the court's decision on the merits [that] could have been raised on appeal," that party is using a Civ.R. 60(B) motion as a substitute for appeal.) Appellant may not use Civ.R. 60(B) as a vehicle to extend the time to file an appeal. Id. Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion for relief from judgment. Both of appellant's assignments of error are found not well-taken.
On consideration whereof, we find that substantial justice has been done the party complaining, and the decision of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., John R. Milligan,J., CONCUR.
Judge John R. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Civ.R. 60(B) provides:
 "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."