OPINION
This appeal emanates from the Portage County Court of Common Pleas, Domestic Relations Division. Appellant, Joseph E. Spencer, appeals the trial court's judgment entry overruling his motion for relief from judgment.
The record revealed that appellant and appellee, Mary A. Spencer, were married on December 5, 1970. One child, Patrick C. Spencer, was born as issue of the marriage on September 25, 1989. Appellee filed for divorce on April 12, 1999, on the ground that she and appellant were incompatible. On April 26, 1999, appellant filed an answer in which he counterclaimed for divorce. A hearing was held on the contested divorce on August 26, 1999.[1]
On October 4, 1999, the trial court issued a divorce decree awarding appellee sole custody of the minor child and giving appellant companionship rights. Appellant was also ordered to pay appellee $880 per month in child support and $1,500 each month in spousal support for eight years. During their marriage, appellant and appellee accumulated pensions and 401Ks. In the decree, the trial court ordered that appellee be awarded the sum of $65,418 from appellant's pension through a Qualified Domestic Relations Order ("QDRO"), and the sum of $50,667 from his 401K by a QDRO.[2]
As ordered by the trial court in the divorce decree, two QDROs were prepared reflecting the distributions, they were signed by the parties' attorneys and were filed with the trial court on February 24, 2000, and February 29, 2000. The February 24 QDRO assigned $62,119 of appellant's 401K plan to appellee effective October 4, 1999, and the February 29 QDRO assigned appellant's pension plan to appellee "in an amount equal to the actuarial equivalent of Forty and Two Tenths Percent (40.2%) of theMarital Portion of the [appellant's] Accrued Benefit * * *." (Emphasissic.) Thereafter, on April 27, 2000, appellant filed a motion to vacate the QDRO filed on February 29, 2000, or for relief pursuant to Civ.R. 60(B). The trial court overruled appellant's motion on June 28, 2000. It is from that entry that appellant timely filed the instant appeal and now asserts the following as error:
 "The trial court erred to the prejudice of [appellant] when it denied the motion of [appellant] to vacate QDRO or for relief pursuant to rule 60(B)."
 Appellant's sole contention is that the trial court committed an error when it overruled his motion to vacate the QDRO. Appellant claimed that the QDRO filed on February 29, 2000, must be vacated because it was a modification of the original divorce decree. Appellant also argues that he is entitled to relief pursuant to Civ.R. 60(B) because the QDRO was entered by mistake, inadvertance or misrepresentation. Finally, appellant alleges that the QDRO must be vacated because it was filed with the trial court when appellant was not represented by counsel, he was not given the opportunity to be heard, the QDRO was not approved by him, and the clerk of courts did not provide him with notice pursuant to Civ.R. 58(B).
On the other hand, appellee argues that appellant attempted to substitute a Civ.R. 60(B) motion for relief from judgment for a timely appeal.[3]
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense if relief is granted, (2) entitlement to the relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the case sub judice, appellant asserts Civ.R. 60(B)(1), by claiming "mistake, inadvertence, surprise or excusable neglect." Appellant claims that the QDRO does not reflect the property division as set forth in the divorce decree. In the divorce decree, the trial court ordered that appellee be awarded a sum certain of $65,418 from appellant's pension which was valued at $162,727 through a QDRO. The QDRO, which was filed on February 29, 2000, ordered that a percentage of appellant's pension, 40.2 percent, which would total $65,416, be assigned to appellee. Hence, there was a mathematical error of $2; however, this difference was in appellant's favor. Here, the QDRO that was filed was more specific and detailed than the language in the original divorce decree.
Moreover, appellant argues that the decree ordered that a sum certain be paid to appellee, and the QDRO put that sum into a percentage form, which was error. When presented with a pension or retirement fund, the trial court is charged with the goal of preserving the asset so that each party can procure the most benefit. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177,181.
This court stated in Frederick v. Frederick (Mar. 31, 2000), Portage App. No. 98-P-0071, unreported, 2000 WL 522170, at 21, that a QDRO is used "to order that a percentage of the employee spouse's future benefits be assigned to the nonemployee spouse, if and when the pension reaches maturity." Therefore, it is our view that there was nothing inappropriate about the trial court expressing the pension plan figure in the QDRO in a percentage form. As previously mentioned, it was just more detailed than the divorce decree. Further, this distribution was by court order and not because of a separation agreement approved by both of the parties. Contrary to appellant's argument that the trial court QDRO orders of February 2000 were tantamount to a modification of its original decree, and therefore, the trial court was without jurisdiction to effectuate the two QDROs, it is our view that the subsequent orders were clearly ones that implemented its earlier decree.
Appellant also raises misrepresentation under Civ.R. 60(B)(3) because he claims that he did not approve the QDRO, and he was not aware that the QDRO had been filed with the trial court. First, we note that the QDRO implemented the trial court's directive from the October 4, 1999 divorce decree when appellant was represented by counsel. Thus, based on the language in the decree, he was aware that a QDRO would be forthcoming.
Moroever, a Civ.R. 60(B) motion is not to be used as a substitute for an appeal, nor should the rule be used to circumvent or extend the time limits for filing an appeal. Blasco v. Mislik (1982), 69 Ohio St.2d 684,686. In the instant matter, appellant failed to raise his issues on direct appeal and cannot now substitute a Civ.R. 60(B) motion for a timely appeal.
Since appellant has not met the second prong of the GTE test, he is not entitled to relief because he failed to present operative facts and evidential material to support his claim of mistake under Civ.R. 60(B)(1) and misrepresentation under Civ.R. 60(B)(3). Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 103-104. The QDRO was not a modification of the divorce decree, nor has appellant proved that the QDRO was entered by mistake, inadvertance or misrepresentation. Accordingly, upon reviewing the record, we conclude that the trial court did not abuse its discretion in denying his motion for relief from judgment.
Appellant's sole assignment of error is not well-taken. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
 ______________________________________ JUDGE DONALD R. FORD
NADER, J., GRENDELL, J., concur.
[1] There was no transcript from the hearing contained in the record on appeal.
[2] The court determined that appellant's pension worth $162,727, and that his 401K was valued at $151,673.
[3] As an aside, this court notes that appellee labeled this argument as an issue in support of her position when it should have been presented as a cross-assignment of error.