OPINION
Defendant-appellant Lester Brian Plant ("husband") appeals the December 6, 2001 Judgment Entry entered by the Fairfield County Court of Common Pleas, Domestic Relation Division, denying his Civ.R. 60(B) motion for relief from judgment. Plaintiff-appellee is Melanie J. Plant ("wife").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married in Lexington, Virginia, on August 18, 1989. No children were born as issue of said union. On February 17, 1999, wife filed a Complaint for Divorce in the Fairfield County Court of Common Pleas, Domestic Relations Division, as well as a motion and affidavit for a temporary restraining order. Via Entry/Restraining Order filed the same day, the trial court enjoined husband "from selling, destroying, concealing, removing, encumbering, or otherwise disposing of any real or personal property of the parties, whether owned individually by the parties, or jointly by them, or by either of them with any other party." Husband filed a timely answer and counterclaim. Upon husband's motion, the trial court issued a temporary restraining order against wife. Discovery proceeded accordingly.
On July 21, 1999, wife filed a Motion and Affidavit of Contempt, requesting the trial court order husband to appear and show cause why he should not be punished for contempt. Wife alleged husband failed to abide by the terms of the temporary restraining order. The hearing on the motion was repeatedly rescheduled. Prior to the hearing, wife filed another motion, which requested the trial court order husband to deposit the severance pay he had recently received from his employer into a joint account. On March 8, 2000, the trial court issued an order restraining husband from further disposal of his severance pay benefits, and ordering an accounting of said benefits. Husband never responded to wife's motion relative to his severance pay.
The trial court scheduled an uncontested divorce hearing for April 18, 2000. On April 3, 2000, husband's attorney filed a motion to withdraw, stating she had made repeated, unsuccessful attempts to contact husband by both mail and telephone since March 2, 2000. The trial court granted the motion and permitted counsel to withdraw.
The trial court heard wife's July 21, 1999 Motion for Contempt as well as the final divorce on April 18, 2000. Neither husband nor a representative on his behalf appeared at the hearing. Via Entry filed April 18, 2000, the trial court found husband guilty of contempt, sentenced him to thirty days in jail, and imposed a fine of $500.
The trial court issued its Judgment Entry/Decree of Divorce on April 20, 2000, granting wife a divorce, on the grounds of gross neglect of duty and extreme cruelty. The trial court also found husband guilty of financial misconduct due to his failure to account for $52,000 in the National Discount Broker's Account; failing to account for $10,000 in the National Discount Broker's Account; for disposing of his severance benefits; for violating the February 17, 1999 Restraining Order by selling marital stock, coins, a truck, and for removing antiques and other household goods from the marital residence; and for refusing to disclose the value or location of marital personal property. April 20, 2001 Judgment Entry/Decree of Divorce at 2. As a result of the aforementioned, the trial court awarded wife 100% of husband's pension through the Crane Group Retirement Plan, and ordered the preparation of a qualified domestic relations order to facilitate this award. Wife submitted, and the trial court approved, a proposed qualified domestic relations order on December 7, 2000.
On October 18, 2001, through new counsel, husband filed a Motion for Relief from Judgment, requesting the trial court vacate the qualified domestic relations order. The trial court scheduled the matter for a non-oral hearing. Wife filed a memorandum contra husband's 60(B) motion. Via Judgment Entry filed December 6, 2001, the trial court denied husband's motion, finding such was untimely as the Decree of Divorce was filed April 20, 2000, and husband had failed to present a valid or meritorious defense.
It is from this judgment entry husband appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT SUMMARILY OVERRULED THE MOTION OF APPELLANT, LESTER PLANT, TO SET ASIDE A PORTION OF THE PROPERTY SETTLEMENT THAT GRANTED THE APPELLEE 100% OF THE MARITAL ASSETS OF THE PARTIES.
 I
Herein, husband challenges the trial court's overruling his Civ.R. 60(B) motion for relief from judgment. Husband takes issue with the trial court's finding his motion was untimely, and the trial court's summarily overruling his motion without a hearing.
Civ.R. 60(B) provides, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
A party seeking relief from a default judgment pursuant to Civ.R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed. GTE Automatic Elect., Inc. v. ARC Indust., Inc. (1976), 47 Ohio St.2d 146; Blasco v. Mislik (1982), 69 Ohio St.2d 684.
Husband's motion sought to vacate the Qualified Domestic Relations Order journalized December 7, 2000. Husband submits he received notice of the QDRO in August, 2001, and filed his motion for relief from judgment on October 18, 2001, within the one year period mandated by Civ.R. 60(B). Husband asserts the trial court erroneously found his motion to be untimely. Civ.R. 60(B) provides, "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order or proceeding was entered or taken." The QDRO is not a judgment, but rather an implementation of a judgment. As such, we find husband cannot utilize a Civ.R. 60(B)(2) or (3) motion, albeit filed within one year of the QDRO, when, in fact, he is collaterally attacking the April 18, 2000 Judgment Entry/Decree of Divorce. Because husband's 60(B) motion was not filed within one year of the Divorce Decree, we find the trial court properly found the motion to be untimely as to appellant's claim of fraud and/or newly discovered evidence.
We now turn to husband's proposition the trial court erred in overruling his 60(B) motion without a hearing as his motion sufficiently alleged and supported his grounds for relief. Husband submits his motion clearly demonstrates judgment was entered against him without notice, and without an opportunity to appear and contest the alleged fraud perpetrated by wife. See, Paragraph No. 29 of Appellant's Affidavit attached to Defendant's Motion for Relief from Judgment. The record reveals on March 31, 2000, the trial court caused a copy of the Notice of Hearing to be sent to husband, via regular U.S. mail at husband's last known address, advising him of the divorce hearing scheduled for April 18, 2000. The record fails to reveal a failure of service.
On April 3, 2000, husband's trial counsel filed a Motion to Withdraw, citing she had made repeated attempts to contact husband by both mail and telephone, but she had had no communication with husband.[1]
Significantly, trial counsel's attempted written communication with husband at his last known address had not been returned unclaimed. Counsel's Motion to Withdraw was sent to husband's last known address by U.S. regular mail. The trial court granted husband's trial counsel's request to withdraw via Entry filed April 5, 2000, and noted all further pleadings be served upon husband at his last known address.
The record is devoid of any evidence establishing husband did not receive the notice of hearing, the entry allowing his attorney to withdraw, or the April 20, 2000 Decree of Divorce other than husband's allegation in his affidavit. As was the case with the notice of hearing, the record fails to reveal a failure of service of the divorce decree. Husband had an affirmative duty to advise his trial counsel, and/or the trial court, of any change of address or otherwise be available for contact by his trial counsel. See, Marshall v. Staudt
(Feb. 1, 1999), Stark App. No. 1998CA00177, unreported, for an analogous result. Husband's failure to do so precludes him from justifying relief for alleged lack of notice as a matter of law. To allow husband a second bite of the apple because he failed to keep in contact with his counsel and/or the court, would serve to encourage parties to play hide and seek and delay court proceedings. Accordingly, we find the trial court did not abuse its discretion in summarily overruling his motion for relief under Civ.R. 60(B)(5) without conducting an evidentiary hearing.
Appellant's sole assignment of error is overruled.
The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: HOFFMAN, P.J. WISE, J. concur EDWARDS, J. concurs separately
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division is affirmed. Costs assessed to appellant.
[1] In his brief to this Court, husband asserts he left his trial counsel his cell phone number with instructions she could reach him at any time at that number. Appellant's Brief at 2. However, such assertion is not contained within his affidavit in support of his motion for relief from judgment.