DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, Domestic Relations Division, that denied appellant's motion for relief from judgment pursuant to Civ.R. 60(B)(1). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Mary Kay McGuckin sets forth the following assignments of error:
 {¶ 3} "The trial court erred in not finding that relief from the judgment was warranted as a result of inadvertence, surprise, and mistake.
 {¶ 4} "The trial court erred in affirming the decision of the magistrate where the evidence showed there was no meeting of the minds due to appellant's emotional state.
 {¶ 5} "The trial court erred in affirming the magistrate's decision that relief from the judgment was not justified on the basis of excusable neglect."
 {¶ 6} The facts that are relevant to the issues raised on appeal are as follows. The parties were divorced by judgment entry filed June 26, 2001. Appellant filed a timely notice of appeal from that judgment but her appeal was dismissed by this court on November 1, 2001 for failure to file her assignments of error and brief. (Case No. H-01-041) On November 13, 2001, appellant filed a motion for reconsideration of this court's decision dismissing her appeal, in which she sought "reinstatement of her appeal, and a corresponding order suspending any consideration thereof, including briefing dates," while the motion for relief from judgment she intended to file in the trial court was adjudicated. This court denied appellant's motion for reconsideration.
 {¶ 7} On November 26, 2001, appellant filed in the trial court a Civ.R. 60(B) motion for relief from the June 26, 2001 judgment. On December 10, 2001, appellee filed a motion to dismiss plaintiff's motion for relief from judgment on the grounds that all of the issues raised by appellant could have been raised on appeal. Appellant failed to timely file a memorandum in opposition to appellee's motion to dismiss, which local rule required to be filed no later than seven days before the non-oral hearing, and on December 27, 2001, the trial court denied her request for an extension of time in which to file. On December 28, appellant voluntarily dismissed her motion for relief from judgment and re-filed it that same day. On February 11, 2002, the trial court denied appellee's re-filed motion to dismiss appellant's motion for relief from judgment. A hearing on the merits of appellant's motion for relief from judgment was held on February 19, 2002, at the conclusion of which the magistrate denied the motion. In his decision filed April 5, 2002, the magistrate found that appellant was merely challenging the correctness of the trial court's judgment on the merits by way of her Civ.R. 60(B) motion and that her claims should have been raised in her direct appeal, which was dismissed for her failure to properly pursue the action. The magistrate further found that Civ.R. 60(B) is not to be used as a substitute for appeal and, accordingly, denied appellant's motion. The trial court adopted the magistrate's decision and appellant filed timely objections. The objections came before the trial court on a non-oral hearing and, upon independent analysis of the record of proceedings from the final divorce hearing and the hearing on appellant's motion for relief from judgment, the court overruled appellant's objections in a decision filed July 30, 2002.
 {¶ 8} This court must review the trial court's denial of the motion for relief from judgment on an abuse of discretion standard.Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. It is well-established that a Civ.R. 60(B) motion is not to be used as a substitute for a direct appeal. See, e.g., Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686; Doev. Trumbull Cty. Children Servs. Bd. (1986), 28 Ohio St.3d 128, 131. This court has carefully reviewed the entire record of proceedings in this case and, based thereon, we conclude that appellant is using a Civ.R. 60(B) motion to challenge the merits of the trial court's June 26, 2001, decision. Appellant asserts on appeal that her motion for relief from judgment should have been granted for three reasons: the trial court had a mistaken belief that there was a meeting of the minds between the parties as to the essential terms of the settlement agreement read into the record at the hearing on May 25, 2001; appellant's highly distraught emotional state prevented her from possessing the necessary mental capacity to enter into the agreement; and appellant's counsel failed to inform the trial court that appellant had not agreed to the terms of the proposed judgment entry, thereby giving rise to excusable neglect. Appellant filed a direct appeal from the June 26, 2001 decision but, due to her own neglect in failing to file a timely brief, the appeal was dismissed. The motion for relief from judgment immediately followed the dismissal, clearly as a substitute for the failed appeal. Each of the issues raised in appellant's Civ.R. 60(B) motion could have been raised on direct appeal. In Blasco, supra, the court held that when a party makes arguments in a Civ.R. 60(B) motion that merely challenge "the correctness of the court's decision on the merits [that] could have been raised on appeal," that party is using a Civ.R. 60(B) motion as a substitute for appeal. Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion for relief from judgment and, accordingly, appellant's first, second and third assignments of error are not well-taken.
 {¶ 9} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., CONCUR.