[Cite as *State v. Mann*, 2021-Ohio-554.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| ERIC MANN, | : | Case No. 2020CA00131 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Stark County Court
of Common Pleas, Case No. 2020-
MI-00113

JUDGMENT:        Dismissed

DATE OF JUDGMENT:     February 26, 2021

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

JOHN D. FERRERO       MARK F. GRAZIANI
Prosecuting Attorney      Graziani Law, LLC
Stark County, Ohio       P.O. Box 1158
            Norton, Ohio 44203
By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South- Suite 510
Canton, Ohio 44702-1413

*Baldwin, J.*

{¶1} Defendant-appellant Eric Mann appeals from the August 25, 2020 Judgment Entry of the Stark County Court of Common Pleas denying his Motion for Relief from Judgment pursuant to Civ.R. 60(B)(5).

STATEMENT OF THE FACTS AND CASE

{¶2} In 2000, appellant was convicted of one count of domestic violence under R.C. 2919.25(A). On July 1, 2020, appellant filed a Petition for Relief from Federal and State Firearms Disability. Pursuant to a Judgment Entry filed on July 14, 2020, the trial court denied the petition.

{¶3} Appellant, on July 22, 2020, then filed a Motion for Relief from Judgment under Civ.R. 60(B)(5). A hearing was held on August 24, 2020. The trial court, as memorialized in a Judgment Entry filed on August 25, 2020, denied the motion. The trial court found that domestic violence was a criminal charge that was not expungable.

{¶4} Appellant now appeals from the trial court's August 25, 2020 Judgment Entry, raising the following assignments of error on appeal:

{¶5} "I. THE TRIAL COURT ERRED BY FAILING TO CONTINUE THE MATTER WHEN IT LEARNED AT TRIAL THAT THE PROSECUTOR HAD NEITHER BEEN SERVED WITH THE INITIAL PLEADING NOR INVESTIGATED THE MATTER, AS SPECIFICALLY REQUIRED BY THE LANGUAGE IN §2923.14(C)."

{¶6} "II. THE TRIAL COURT ERRED BY IMPROPERLY CONCLUDING THIS ACTION, FILED UNDER §2923.14 *RELIEF FROM WEAPONS DISABILITY,* WAS AN ATTEMPT TO "EXPUNGE" A DOMECTIC VIOLENCE (DV) CONVICTION, AND THEN RULED FROM THIS WHOLLY-INCORRECT BASIS."

**{¶7}** "III. THE TRIAL COURT ERRED BY IGNORING THE SUPREME COURT OF OHIO'S GUIDANCE ON THE RESTORATION OF FIREARM'S RIGHTS, THE SUPREME COURT'S *GUIDE TO FIREARMS RETURN IN DOMESTIC VIOLENCE CASES,* UNEQUIVOCALLY DISCUSSING §2923.14 AS THE VEHICLE FOR RELIEF FROM FIREARMS DISABILITY."

**{¶8}** We must first determine whether or not this Court has jurisdiction to consider appellant's appeal. As is stated above, after the trial court denied his petition on July 14, 2020, appellant filed a Motion for Relief from Judgment under Civ.R. 60(B)(5). Appellant then filed a Notice of Appeal on September 11, 2020, appealing from the trial court's August 25, 2020 Judgment Entry denying such motion.

**{¶9}** However, it is well settled that Civ.R. 60(B) "is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik*, 69 Ohio St.2d 684, 686, 433 N.E.2d 612 (1982). "When a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal." *Garrett v. Gortz,* 8th Dist. Cuyahoga App. No. 90625, 2008–Ohio–4369, at ¶ 14, citing *State ex rel. Richard v. Cuyahoga Cty. Commrs.,* 89 Ohio St.3d 205, 2000-Ohio-135, 729 N.E.2d 755.

{¶10}  Appellant, in the case sub judice, did not timely appeal from the  trial court's July 14, 2020 Judgment Entry. Appellant clearly is attempting to use a Civ.R. 60(B) motion as a substitute for a timely appeal from the trial court's July 14, 2020 Judgment Entry.

{¶11}  Appellant's appeal is, therefore, dismissed as untimely.

By: Baldwin, P.J.

Gwin, J. and

Wise, Earle, J. concur.