OPINION
{¶ 1} This is an appeal from a judgment and order of the domestic relations division of the court of common pleas.
 {¶ 2} The marriage of Denise Layne-Burnett and Anthony Burnett was terminated by a decree of divorce on January 27, 2003. The decree expressly adopted the terms of the parties' separation agreement, which designated Denise[1] the residential parent of the parties' minor child. The parties each waived their right to the retirement plan of the other. The agreement and decree further provided:
 {¶ 3} "3. SUPPORT OBLIGATIONS: The Parties waive their rights to spousal support and this Court will not retain jurisdiction. The Parties agree that there shall be no order of child support in this case. Rather, the Parties agree that Husband (Obligor) shall be responsible for paying for all clothing, school and extra curricular activity expenses for the minor child including all expenses for his senior year (ex. Class ring, photographs, etc)."
 {¶ 4} On August 8, 2003, Denise filed a two-prong motion. Denise asked the court to find Anthony in contempt for failure to comply with the expense obligations imposed on him by paragraph 3 of the decree. She also asked the court to modify the decree to impose an obligation on Anthony to instead pay monetary child support pursuant to R.C. Chapter 3119.
 {¶ 5} Anthony filed a response to Denise's motion on September 9, 2003. He argued that any failures on his part were attributable to a lack of communication chargeable to Denise and, more specifically, that Denise had failed to provide him receipts of bills she wished Anthony to pay.
 {¶ 6} On December 19, 2003, Anthony filed a motion pursuant to Civ.R. 60(B), asking the court to vacate the property settlement provisions of the divorce decree allowing Denise to retain the marital residence and her retirement accounts. Anthony argued that, contrary to its express terms, the separation agreement failed to disclose the value of those assets, and that he had waived his right to them upon Denise's promise to not seek child support, a promise that Denise breached by requesting child support in the motion she filed on August 8, 2003.
 {¶ 7} The several motions were referred by the court to its magistrate. After hearings, the magistrate issued a decision denying Anthony's motion for Civ.R. 60(B) relief. The decision further found Anthony in contempt for failure to pay $807.84 in expenses incurred for the child's benefit. Anthony was ordered to pay child support in the amount of $443.00 per month, plus $50.00 per month toward the expenses he had failed to pay.
 {¶ 8} Anthony filed timely objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision. Anthony filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 9} "The trial court abused its discretion by overruling the appellant's motion for 60(b)."
 {¶ 10} To prevail on a Civ.R. 60(B) motion for relief from a final judgment, order or proceeding, "the movant must demonstrate that he has a meritorious defense or claim to present if relief is granted, that he is entitled to relief under one of the grounds stated in the five subsections of the pertinent rule, and that the motion is made within a reasonable time and, where the grounds of relief are one of the first three subsections, not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc. V. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph 2 of the syllabus. A movant's failure to prevail on any one of those three requirements prevents Civ.R. 60(B) relief. Id.
 {¶ 11} Anthony relies on two of the five grounds for relief in Civ.R. 60(B): "(1) mistake, inadvertence, surprise or excusable neglect", and "(3) fraud . . ., misrepresentation or other misconduct of an adverse party."
 {¶ 12} In support of his Civ.R. 60(B)(1) grounds, Anthony argues that when he waived his right to his marital share of her retirement account, he relied on Denise's promise to not seek monetary child support, and that Denise's post-decree motion asking the court to impose a monetary child support obligation violated her promise.
 {¶ 13} "The biological or adoptive parent of a minor child must support the parent's minor children out of the parents' property or the parents' labor." R.C. 3103.03(A). R.C. 3109.05(A)(1) provides that in a divorce proceeding "the court may order either or both parents to support or help their children . . .", and that "[i]n determining the amount reasonable or necessary for child support, including medical needs of the child, the court shall comply with Chapter 3119 of the Revised Code."
 {¶ 14} The domestic relations court retains continuing jurisdiction in the matter of child support during the child's minority. R.C 3109.05; Civ.R. 75(J). In its exercise of that jurisdiction, the court may modify a prior order based on an agreement between the parties that no child support be paid, imposing a monetary child support order pursuant to R.C. Chapter 3119. DePalmo v. DePalmo (1997), 78 Ohio St.3d 535.
 {¶ 15} Anthony does not dispute that these provisions authorized the domestic relations court to modify his obligations under the decree as it did. Rather, he argues that Denise's motion asking the court to do that breached her prior promise, rendering Anthony's agreement to waive his right to a share of her retirement account which he gave in exchange for her promise a product of his "mistake, inadvertence, surprise, or excusable neglect." Civ.R. 60(B)(1).
 {¶ 16} Generally, circumstances which occur subsequent to a judgment do not render the prior judgment a product of mistake, inadvertence, surprise, or excusable neglect. Such defects instead pertain to the judgment when it was entered. Subsequent events, to the extent to which they implicate a breach of prior promise on which the agreement was procured, may portray grounds to find a breach of that contract. However, any separation agreement when it is incorporated into a divorce decree loses its separate identity as a contract. Then, the rights granted and duties imposed by the separation agreement are extinguished and are thereafter enforceable in a proceeding to obtain the relief granted in the judgment or decree.
 {¶ 17} Irrespective of the parties' separation agreement, the terms of the decree relieving Anthony of a duty to pay child support, because they are subject to modification, per DePalmo, cannot insulate Anthony from the monetary child support obligation the court imposed. Therefore, his attempt to collaterally attack that modification through Civ.R. 60(B) is misplaced.
 {¶ 18} These considerations likewise apply to Anthony's alternative grounds for relief pursuant to Civ.R. 60(B)(3); fraud and misrepresentation. In addition, and as the trial court found, that claim fails on its merits.
 {¶ 19} The separation agreement provided that an attached spreadsheet stated the value of the marital assets, including Denise's retirement account. However, no spreadsheet was attached. Anthony made no objection to the omission and agreed to the decree incorporating the terms of the separation agreement, which also waived his right to share in Denise's retirement account. He cannot now claim that Denise's failure to identify the value of the account as the parties had agreed constitutes fraud or misrepresentation when he acquiesced in the omission.
 {¶ 20} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 21} "If the trial court finds no merit in the appellant's first argument, then the trial court abused its discretion in ordering the appellant to pay child support."
 {¶ 22} Anthony argues that the court abused its discretion in modifying his expense obligation because Denise had failed to provide him bills or receipts for reimbursement, and that absent such substantiation she "could demand money at will for whatever she decided." (Brief, p. 14). That may be so, but there is no evidence she did. In any event, the dispute only illustrates the need to regularize Anthony's obligation though an R.C. Chapter 3119 child support order, which the domestic relations court did.
 {¶ 23} Anthony also renews his breach of contract agreement, which we rejected in deciding his first assignment of error. On that matter, the magistrate found that Anthony had retained his own retirement fund and five vehicles in exchange for waiving his right to one-half of Denise's retirement account. Concerning the value of the marital residence, the magistrate found that Anthony, having lived there for fourteen years, was not prejudiced by Denise's failure to disclose its value. And, Anthony could have insisted that Denise disclose the value of her retirement account, but he didn't, and can't now complain that he was misled concerning that matter. On the equities concerned, we cannot find that Anthony was entitled to the relief he sought.
 {¶ 24} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, P.J. and Young, J., concur.
 Hon. Frederick N. Young, Retired from the Court of Appeals, SecondDistrict, sitting by assignment of the Chief Justice of the Supreme Courtof Ohio.
[1] For clarity and convenience, the parties are identified by their first names.