DECISION
{¶ 1} Plaintiff-appellant, William O. Harris, appeals from a judgment of the Franklin County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment. Because the trial court properly denied the motion, we affirm.
 {¶ 2} On February 3, 2005, plaintiff filed a complaint for declaratory judgment and injunctive relief arising out of the parole guidelines administered by the Ohio Adult Parole Authority ("OAPA"). In his complaint, plaintiff asked the court to declare unlawful, and to enjoin, certain policies and practices of defendants-appellees, Ohio Department of Rehabilitation and Corrections, and William D. Mason, Prosecutor.
 {¶ 3} Plaintiff attached a number of documents to his complaint. As pertinent to the issues raised in this appeal, plaintiff attached a petition to proceed in forma pauperis. He included with it a certified statement from the account clerk at the Grafton Correctional Institution specifying plaintiff's account balance at Grafton for the six months ending December 29, 2004. In addition, he included his own affidavit of indigency and waiver, as well as an affidavit concerning the civil actions he had filed in the past five years.
 {¶ 4} By decision and entry filed March 28, 2005, the trial court sua sponte dismissed plaintiff's complaint for failure to comply with the requirements set forth in R.C. 2969.25. Specifically, the trial court determined that, although plaintiff filed an affidavit to proceed in forma pauperis, a copy of an inmate demand statement, and a statement of previous litigation, "plaintiff has not submitted a statement of an inmate-account balance `as certified by the institutional cashier,' a `statement that sets forth all other cash and things of value owned by the inmate at that time,' or `an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.'" (Decision and Entry, at 3.) Because plaintiff had not paid the filing fee or obtained a waiver of it, the court dismissed the action for plaintiff's failure to comply with the mandatory provisions of R.C. 2969.25. See State ex rel. Womackv. Ohio Adult Parole Auth., Franklin App. No. 02AP-76, 2002-Ohio-4506.
 {¶ 5} Plaintiff did not appeal the trial court's determination. Instead, he filed a Civ.R. 60(B)(1) motion, asserting mistake, inadvertence, surprise or excusable neglect in the trial court's judgment entry dismissing plaintiff's complaint for failure to comply with R.C. 2969.25. On April 25, 2005, the trial court issued its decision and entry denying plaintiff's motion for relief from judgment. In its decision, the trial court reiterated the deficiencies in plaintiff's filing that warranted dismissing his case. The court further determined plaintiff failed to show a meritorious claim or defense under Civ.R. 60(B) or to adequately demonstrate mistake, inadvertence, surprise or excusable neglect under Civ.R. 60(B)(1). Accordingly, the court denied plaintiff's motion for relief from judgment.
 {¶ 6} Plaintiff appeals, assigning the following errors:
1. The trial court's failure to acknowledge that Plaintiff did in fact supply the necessary, but strict requirements pursuant to § 2969.25(C)(1) (2).
2. Whether the trial court erred in dismissing the Plaintiff's complaint for failure of not filing the mandatory requirements pursuant to § 2969.26(C)(1) (2).
3. Plaintiff filed a Civil Rule 60(B)(1), clearly demonstrating that the trial court errored [sic] pursuant to this statute, thus, mistake, inadvertence, surprise or excusable neglect is present regrading [sic] the strict requirements pursuant to §2969.25(C)(1) (2).
4. The record clearly will reflect that Plaintiff did comply with the requirements of filing a Civil Action, yet this trial court abused its discretion by denying Plaintiff the right to a hearing and/or Relief From Judgment in their Ternimation [sic] #18, of said case. And, further abused its discretion when it allowed the Attorney General to file their Motion to Dismiss after Plaintiff filed his Motion pursuant to Civil Rule 55(A)(D), Default Judgment, on April 13th, 2005.
 {¶ 7} Because plaintiff's assignments of error are interrelated, we address them jointly. Together, they assert the trial court erred in (1) dismissing plaintiff's complaint for failure to comply with the requirements of R.C. 2969.25(C), and (2) denying him relief under Civ.R. 60(B)(1) because of the trial court's mistake in improperly dismissing plaintiff's complaint.
 {¶ 8} Plaintiff did not appeal the trial court's judgment that sua sponte dismissed his case for failure to comply with the requirements of R.C. 2969.25. Instead, plaintiff filed a motion for Civ.R. 60(B) relief. In the absence of a timely filed appeal from the trial court's judgment sua sponte dismissing his complaint, we lack jurisdiction to address the merits of that judgment. See Americare Corp. v. Misenko (1984),10 Ohio St.3d 132 (concluding the court of appeals properly dismissed an appeal where the notice of appeal was not filed within 30 days of the entry of judgment); Kemper Securities, Inc. v. Schultz (1996),111 Ohio App.3d 621 (noting court of appeals lacks jurisdiction over an untimely filed appeal). As a result, this court lacks jurisdiction to address whether the trial court properly dismissed plaintiff's complaint for failure to comply with the requirements of R.C. 2969.25. Plaintiff is relegated to contesting the propriety of the trial court's judgment that denied his Civ.R. 60(B)(1) motion.
 {¶ 9} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec.,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. "Rule 60(B) relief, however, is not available as a substitute for appeal." Blasco v. Mislik
(1982), 69 Ohio St.2d 684, 686. "In support of a Civ.R. 60(B) motion, a party may not raise issues that could have been raised upon appeal, and `errors which could have been corrected by timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment.'" Daroczy v. Lantz, Franklin App. No. 02AP-31, 2002-Ohio-5417, at ¶ 34, quoting Kelm v. Kelm
(1992), 73 Ohio App.3d 395, 399, affirmed (1993),68 Ohio St.3d 39. The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. Oberkonz v. Gosha,
Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12.
 {¶ 10} In support of his Civ.R. 60(B) motion, plaintiff asserted the trial court was mistaken in dismissing his case for failure to comply with R.C. 2969.25(C), as plaintiff submitted the necessary documents to meet the statutory requirements. Plaintiff misapprehends the nature of the mistake supporting relief under Civ.R. 60(B)(1). Contrary to the implications of plaintiff's motion, Civ.R. 60(B)(1) does not refer to a mistake in the trial court's ruling, as a Civ.R. 60(B) motion is not a substitute for appeal. If plaintiff believed the trial court erred in sua sponte dismissing his complaint, plaintiff should have appealed within the 30 days set forth in App.R. 4(A). Not only did he fail to do so, but his motion for relief from judgment does not extend the time for filing an appeal. Blasco,
supra; Dahl v. Kelling (1986), 34 Ohio App.3d 258.
 {¶ 11} In the final analysis, plaintiff's Civ.R. 60(B) motion failed to assert a valid basis for his claim of mistake. Instead, the mistake plaintiff asserted was in the merits of the trial court's dismissing his complaint for failure to comply with R.C.2969.25. Because any error in the trial court's dismissing plaintiff's complaint does not constitute mistake or surprise under Civ.R. 60(B)(1), the trial court did not err in denying plaintiff's motion for relief from judgment. See Rundle v.Rundle (1997), 123 Ohio App.3d 304 (concluding that, where a party failed to timely appeal a judgment against him, but, instead, used a motion for relief from judgment as a substitute for direct appeal of the judgment, court of appeals lacked jurisdiction to address the merits of the original judgment assigned as error in the appeal from judgment denying motion for relief for judgment). Accordingly, plaintiff's four assignments of error are overruled.
 {¶ 12} Having overruled each of plaintiff's four assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
French and Travis, JJ., concur.