DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from Pike County Common Pleas Court judgments in favor of Michael Rakosky, M.D., plaintiff below and appellee herein, on his claim against Physician Providers, Inc. (PP) defendant below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT SHOULD HAVE VOIDED THE CONTRACT ALTOGETHER AND EITHER ENTERED JUDGMENT FOR THE APPELLANT OR GRANTED A NEW TRIAL." *Page 2 
 SECOND ASSIGNMENT OF ERROR:
 "THE MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)(1) SHOULD HAVE BEEN GRANTED BECAUSE THE TRIAL COURT INCORRECTLY STATED THE PRINCIPAL AMOUNT OWED TO THE APPELLEE."
 THIRD ASSIGNMENT OF ERROR:
 "THE MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)(1) SHOULD HAVE BEEN GRANTED OR APPELLEE'S DAMAGES REDUCED BY $7700.00 [sic] BECAUSE OF HIS INTERFERENCE WITH THE CONTRACT BETWEEN THE APPELLANT AND ITS CLIENT."
 FOURTH ASSIGNMENT OF ERROR:
 "THE MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)(1) SHOULD HAVE BEEN GRANTED OR APPELLEE'S DAMAGES REDUCED BECAUSE HE PERFORMED PHYSICAL THERAPY SERVICES IN VIOLATION OF HIS CONTRACT WITH APPELLANT."
 FIFTH ASSIGNMENT OF ERROR:
 THE MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)(1) SHOULD HAVE BEEN GRANTED OR APPELLEE'S DAMAGES REDUCED BECAUSE RECEIVED [sic] A BONUS PAYMENT IN VIOLATION OF HIS CONTRACT WITH APPELLEE."
 {¶ 3} PP is a "professional placement agency" that staffs medical clinics throughout the country. Health Solutions, Inc. (Health Solutions) of Waverly, Ohio, retained PP to staff its Pike County clinic. On February 14, 2002, PP contracted with Dr. Rakosky to provide medical services to Health Solutions from February 25, 2002 to March 22, 2002 for $80 per hour. Once the initial term of the contract was completed, *Page 3 
PP asked Dr. Rakosky to stay and continue to provide services to Health Solutions.
 {¶ 4} Sometime thereafter, the Health Solutions president pled guilty to federal wire fraud charges. Also, Health Solutions filed for bankruptcy. As a result, Health Solutions did not fully pay PP for the staffing services and PP failed to pay Dr. Rakosky for his services.
 {¶ 5} Dr. Rakosky commenced the instant action on July 10, 2003 and alleged that PP breached their agreement(s) and owed him for services rendered. Dr. Rakosky demanded a $24,631.44 judgment against PP. PP denied liability and asserted a variety of affirmative defenses.
 {¶ 6} Two years later Dr. Rakosky requested summary judgment and argued that no genuine issues of material fact existed and that he was entitled to judgment as a matter of law. On August 18, 2005, PP requested a delay on the summary judgment until it could complete additional discovery aimed at Health Solutions. The trial court granted PP's request.
 {¶ 7} On August 9, 2006, the trial court granted Dr. Rakosky's motion for summary judgment and awarded him $29,498.54 (inclusive of prejudgment interest). Two weeks later, PP filed a compound motion that sought (1) judgment notwithstanding the verdict (JNOV) pursuant to Civ.R. 50(B); (2) a new trial pursuant to Civ.R. 59(A)(5)(6); and (3) a relief from judgment pursuant to Civ.R. 60(B)(1).
 {¶ 8} Before the trial court could rule on PP's motion, PP appealed the summary judgment. The trial court then indicated that it would not decide PP's motion because the appeal divested it of jurisdiction. On December 18, 2006, we dismissed *Page 4 
the appeal from the summary judgment for lack of jurisdiction due to the pending motion for new trial. See Rakosky v. Physician Providers (Dec. 18, 2006), Pike App. No. 06CA752. On February 6, 2007, the trial court denied PP's compound motion. This appeal followed.
 I {¶ 9} PP asserts in his first assignment of error that the trial court should have granted it JNOV under Civ.R. 50(B) and "voided the contract altogether" or, alternatively, granted a new trial under Civ.R. 59.[1]
We find no merit in either argument.
 {¶ 10} In the case sub judice the trial court decided the matter on summary judgment. It is well-settled that a Civ.R. 50(B) motion for JNOV does not apply to summary judgments under Civ.R. 56(C). See Harris v.Coy (Jun. 13, 1989), Montgomery App. No. 11339; Dooley v. Milliken (Dec. 9, 1988) Montgomery App. No. 10611; Morgan v. Aicone (Aug. 10, 1988), Lorain App. No. 4312. Likewise, Civ.R. 59 motions for new trial do not lie after summary judgments. See Ahmed v. McCort, Belmont App. No. 02BA8,2003-Ohio-6002, at]}14; Galluci v, Freshour, (Jun. 22, 2000), Hocking App. No. 99CA22. Neither of these propositions should come as a surprise because both Civ.R. 50(B) and Civ.R. 59 contemplate trials. When no trial occurs, as in *Page 5 
a summary judgment proceeding, no need exists for a judgment notwithstanding the verdict or for a new trial. For these reasons, we find no merit in appellant's first assignment of error and it is accordingly overruled.
 II {¶ 11} We jointly consider appellant's second, third, fourth and fifth assignments of error because they address PP's Civ.R. 60(B)(1) request for relief from judgment. That rule provides, inter alia, that "[u]pon motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment" due to "mistake, inadvertence, surprise or excusable neglect." (Emphasis added.) PP argues that "a mistake has been made" in finding for Dr. Rakosky. Although PP does not clearly identify the "mistake" on which it bases its argument, our reading of the motion and brief on appeal indicates that the alleged mistake lies with the trial court's weighing of the evidence and calculation of the remedy. We, however, are not persuaded that the trial court should have granted Civ.R. 60(B) relief for those reasons.
 {¶ 12} Civ.R. 60(B)(1) contemplated the type of "mistake" as one of "process" by one who is prejudiced from the outcome. Horst v. First Nat.Bank in Massillon (Jun. 25, 1990), Stark App. No. CA-8057; also see Fink, Greenbaum Wilson, Guide to the Ohio Rules of Civil Procedure (2001 ed.) 60-12, § 60-6. A trial court's factual or legal mistake is not the sort of "mistake" contemplated by Civ.R. 60(B)(1). SeeHarris v. Ohio Dept. of Rahab. Corr., Franklin App. No. 05AP-537,2005-Ohio-6887, at]}10; Hankinson v. Hankinson, Mahoning App. No. 03MA7,2004-Ohio-2480, at ]}20. It is well settled that Civ.R. 60(B) must not be used as a substitute for appeal. Smith, supra; Morley v. *Page 6 Morley, Lucas App. No. L-04-1051, 2004-Ohio-5247, at]}10. Thus, the proper way to raise these issues is to challenge the summary judgment. Civ.R. 60(B)(1) is not the procedural vehicle to argue about evidence that should have been argued on summary judgment.
 {¶ 13} In the end, a Civ.R. 60(B) motion for relief from judgment is committed to the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of that discretion. State ex rel. Russov. Deters (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237; Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. We note that an abuse of discretion is more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342, 695 N.E.2d 1140; Malone v. Courtyard by Marriott L.P. (1996),74 Ohio St.3d 440, 448, 659 N.E.2d 1242. In applying the abuse of discretion standard, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe1 (1991). 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. Indeed, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. See Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256,662 N.E.2d 1; Adams v. Adams, Washington App. No. 05CA63, 2006Ohio-2897, at ]}6.
 {¶ 14} In the case sub judice, in light of the fact that a Civ.R. 60(B)(1) motion for *Page 7 
relief from judgment is not the proper way to challenge the trial court's evidentiary and legal rulings and considering that appellant did not establish the type of "mistake" necessary to warrant relief under that rule, we find no abuse of discretion in the trial court's decision to deny this motion. Consequently, the four remaining assignments of error are also hereby overruled.
 {¶ 15} Having reviewed all the errors assigned and argued in the briefs, and having found merit in none, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J. Harsha, J.: Concur in Judgment Opinion
For the Court
[1] We must also acknowledge a procedural flaw in appellant's brief. App.R. 16(A)(7) requires separate arguments for each assignment of error. Appellant's brief, however, contains a single argument with three sub-parts that apparently address all five assignments of error. This is improper. App.R. 12(A)(2) allow us to disregard any assignment of error not separately argued. Accordingly, we would be well within our authority to summarily overrule appellant's five assignments of error and affirm the trial court's judgment. See e.g. Mortgage ElectronicRegistration Sys. v. Mullins, 161 Ohio App.3d 12, 829 N.E.2d 326,2005-Ohio-2303, at ?22; Park v. Ambrose (1993), 85 Ohio App.3d 179, 186,619 N .E.2d 469. In the interests of justice, however, we will review the assignments of error on their merits.
 *Page 1