OPINION
{¶ 1} Plaintiff-appellant, Eddie B. Richardson, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling his motion for relief from judgment pursuant to Civ.R. 60(B). Plaintiff assigns a single error:
 THE TRIAL COURT ERRED IN NOT GRANTING 60(B) RELIEF WHEN THE EVIDENCE CLEARLY DEMONSTRATED THAT, IN FACT, THE DEFENDANT-APPELLEE PLACED $34,000 OF MARITAL ASSETS IN THE NAME OF HER BROTHER WHILE CONTINUING TO MAINTAIN ACCESS *Page 2 
TO THEM AND SAID ASSETS WERE NOT TAKEN INTO ACCOUNT AS A PART OF THE DIVORCE.
Because the trial court properly denied plaintiff's Civ.R. 60(B) motion, we affirm.
 {¶ 2} Plaintiff and defendant-appellee, Rebecca Richardson, were married on October 26, 1986. On March 13, 2000, plaintiff filed for divorce, claiming incompatibility. A judgment entry/decree of divorce filed on September 28, 2001 terminated their marriage. Rather than provide testimony concerning the assets and liabilities of their marriage, the parties submitted a March 20, 2001 memorandum of agreement embodying a written stipulation. According to their memorandum of agreement, the "[p]arties agree and hereby stipulate that the listing of assets, liabilities and income attached hereto in three (3) pages is a true and correct listing of both the marital and separate assets of the parties, the indebtedness of the parties, and the income of the parties and no further testimony or other evidence shall be submitted regarding same." The stipulation also states that "[e]ach party also has a modest checking [account] in their individual names."
 {¶ 3} Because the written testimony and documentation left the trial court uncertain about the extent, and proposed division, of the parties' property, the court requested additional testimony from the parties. Each party submitted supplemental testimony, albeit minimal on plaintiff's behalf. With the additional information, the trial court issued its decree. Plaintiff appealed, and this court affirmed.Richardson v. Richardson, Franklin App. No. 01AP-1236, 2002-Ohio-4390.
 {¶ 4} On December 16, 2003, defendant filed a motion for contempt against plaintiff. Plaintiff followed on September 14, 2004 with a Civ.R. 60(B) motion for relief from the division of property set forth in the divorce decree. His motion alleged the parties' *Page 3 
stipulation underlying the trial court's division of property did not include all of the parties' marital assets. In particular, plaintiff asserted the stipulation failed to include defendant's substantial $34,000 bank account held jointly with her brother at the Huntington National Bank. Plaintiff asserts that although the account existed at the time of the parties' stipulation, it was not included within the stipulation, rendering false defendant's statement that she had only minor checking accounts.
 {¶ 5} Following a hearing before the magistrate on plaintiff's motion for Civ.R. 60(B) relief and defendant's contempt motion, the magistrate issued a decision. While the contempt motion is not at issue here, the magistrate determined it should be granted. In addition, the magistrate determined plaintiff's Civ.R. 60(B) motion should be denied because (1) between the time plaintiff filed his complaint for divorce and the parties filed their memorandum of agreement stipulating their assets, liabilities and income, plaintiff had ample opportunity to discover the savings account and three certificates of deposit subject of his Civ.R. 60(B) motion; and (2) the motion was not timely. Although the trial court adopted the decision the day the magistrate issued it, plaintiff filed timely objections to the magistrate's decision. The trial court filed a March 22, 2007 decision and entry overruling plaintiff's objections and adopting the magistrate's decision to grant defendant's motion for contempt and overrule plaintiff's motion for Civ.R. 60(B) relief.
 {¶ 6} In his single assignment of error, plaintiff contends the trial court erred in failing to grant his motion for relief from judgment. In order to prevail on a motion for relief from judgment under Civ.R. 60(B), a movant must demonstrate that (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is *Page 4 
made within a reasonable time. Perry v. Gen. Motors Corp. (1996),113 Ohio App.3d 318, citing GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146. If Civ.R. 60(B)(1), (2) or (3) are the grounds for relief, the motion must be made within one year after the judgment, order, or proceeding was entered or taken; otherwise, the motion must be made within a reasonable time. Id. To warrant a hearing on the motion, a party seeking relief from judgment is not required to submit evidentiary material so long as the movant sets forth with sufficient specificity facts that, if true, would justify relief. Waterford Tower CondominiumAssn. v. TransAmerica Real Estate Group, Franklin App. No. 05AP-593,2006-Ohio-508, citing Your Financial Comm. of Ohio, Inc. v. Emerick
(1997), 123 Ohio App.3d 601.
 {¶ 7} The decision to grant or deny a Civ.R. 60(B) motion is left to the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. Id. The term abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable.State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995),72 Ohio St.3d 464. Where a meritorious defense is presented and the motion is timely, doubts regarding whether excusable neglect exists should be resolved in favor of the motion so that cases can be decided on their merits. GTE, supra.
 {¶ 8} Within those parameters, plaintiff first failed to demonstrate he has a meritorious claim to present if relief were granted, as the trial court concluded plaintiff failed to prove the funds at issue were a marital asset. The record supports the trial court's conclusion, as defendant testified relatives from Trinidad gave her the money, she put it into certificates of deposit, and she then rolled them over at maturation into new *Page 5 
certificates of deposit, all as security for a loan. The account and certificates of deposit were used to pay the loan and enable defendant to secure a larger loan at a lower interest rate. While the trial court was not required to believe defendant's testimony, it did so, and defendant's testimony provides a basis for concluding plaintiff failed to demonstrate a meritorious defense.
 {¶ 9} Of equally serious consequences is plaintiff's failure to demonstrate he is entitled to relief under one of the provisions of Civ.R. 60(B)(1) through (5). Plaintiff filed his complaint on March 13, 2000 and was granted a divorce on September 28, 2001. Plaintiff thus had nearly one and one-half years in which to conduct discovery. During the time plaintiff's divorce action was pending, plaintiff had the opportunity to discover "the complete picture of [defendant's] finances." (Magistrate's Decision, 6.)
 {¶ 10} The evidence taken at the hearing on plaintiff's Civ.R. 60(B) motion confirms plaintiff was aware of the items he now claims were not disclosed. As the trial court noted, plaintiff admitted his attorney was informed of the savings account and three certificates of deposit while the divorce was pending. Indeed, one of the exhibits at the hearing on plaintiff's motion is defendant's response to plaintiff's request for documents during the divorce proceedings. In response, defendant produced statements from the account on which plaintiff premises his Civ.R. 60(B) motion. Were anything additional needed to demonstrate plaintiff was aware of the account and certificates of deposit subject of his motion, plaintiff's own written testimony submitted to the trial court during the divorce proceedings admitted plaintiff knew about the savings account and three certificates of deposit. *Page 6 
 {¶ 11} Further information concerning the ultimate disposition of the funds from the savings account and the three certificates of deposit were easily discoverable at the time of the divorce. (Magistrate's Decision, 5.) Instead of exploring the matters through discovery, plaintiff entered into a stipulation with defendant concerning the extent of their respective assets and liabilities. By stipulating to the extent of the parties' liabilities and assets, plaintiff in effect waived the opportunity to conduct further discovery and to possibly discover other funds. Richardson, supra, at ¶ 42.
 {¶ 12} As a result, plaintiff cannot meet the requisite showing under Civ.R. 60(B)(1) of mistake, inadvertence, surprise or excusable neglect, or the Civ.R. 60(B)(2) requirement of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B). Plaintiff could have discovered, and would not have been surprised by, the evidence he now seeks to litigate had he pursued the discovery opportunities existing at the time he entered into the stipulation with defendant. See Layne-Burnett v. Burnett, Montgomery App. No. 20660, 2005-Ohio-2510 (concluding that because husband could have insisted on further information but did not, he could not complain he was misled).
 {¶ 13} Similarly, although Civ.R. 60(B)(3) allows for relief from judgment for fraud, misrepresentation or other misconduct of an adverse party, plaintiff cannot claim the benefit of that section, as defendant disclosed the statements and certificates of deposit prior to the divorce. Civ.R. 60(B)(4), addressing satisfied, released or discharged judgments, does not apply; nor does its language that allows relief if "it is no longer equitable that the judgment should have prospective application." See Cuyahoga Support Enforcement Agency v. Guthrie (1999),84 Ohio St.3d 437, 443 (stating "Civ.R. 60[B][4] *Page 7 
was not meant to offer a party a means to negate a prior finding that the party could have reasonably prevented").
 {¶ 14} Plaintiff thus seeks to rely on Civ.R. 60(B)(5); it permits the trial court to vacate the judgment for "any other reason justifying relief from judgment." Plaintiff, however, cannot invoke Civ.R. 60(B)(5) if one of the more specific provisions of Civ.R. 60(B) encompasses his claim. Caruso-Ciresi v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. While plaintiff contends defendant's misrepresentation regarding the extent of her marital asserts justifies relief, such a claim falls under Civ.R. 60(B)(3) and fails because, as the trial court determined, defendant disclosed the statements and certificates of deposit prior to the divorce. Tabor v. Tabor, Mahoning App. No. 02-CA-73, 2003-Ohio-1432 (finding no Civ.R. 60[B][3] fraud where former wife had opportunity at the time of the divorce to determine whether agreement accurately reflected parties' agreement).
 {¶ 15} Even if we were to conclude that plaintiff's contentions warrant relief under Civ.R. 60(B)(3), his motion is untimely. A motion under Civ.R. 60(B)(3) must be made within a reasonable time, but not more than one year after the judgment, order or proceeding was entered or taken. Plaintiff was granted a divorce on September 28, 2001; he filed his motion on September 17, 2004. Similarly, were we to conclude plaintiff has grounds under Civ.R. 60(B)(5), we nonetheless would find no abuse of discretion in the common pleas court's determining the motion was not filed within a reasonable time. As the magistrate pointed out, plaintiff raised the argument about secreted funds within a short time after the appeal was concluded, primarily through a September 20, 2002 letter from plaintiff's counsel referencing concerns about undisclosed assets. Although plaintiff *Page 8 
thus was aware of the allegedly undisclosed assets, he not only failed to file a motion for two years after the letter, but failed to explain the reason for the delay. The trial court properly concluded that the motion was not timely filed.
 {¶ 16} Because plaintiff failed to timely set forth a basis for relief from judgment under the provisions of Civ.R. 60(B), we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 SADLER, P.J., and PETREE, J., concur. *Page 1