[Cite as *Walters v. Moffett*, 2018-Ohio-3690.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Rebecca Walters, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 18AP-46 |
| v. | : | (C.P.C. No. 15DR-1861) |
| Patrick Moffett, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 13, 2018

**On brief:** *Hillard M. Abroms*, for appellant.
**Argued:** *Hillard M. Abroms.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

KLATT, J.

{¶ 1} Plaintiff-appellant, Rebecca Walters, appeals a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that denied appellant's motion to vacate a divorce decree dated March 13, 2017 pursuant to Civ.R. 60(B). Because res judicata bars the arguments asserted in appellant's Civ.R. 60(B) motion, the trial court did not err in denying appellant's motion. Therefore, we affirm.

**PROCEDURAL HISTORY**

{¶ 2} On March 13, 2017, the trial court entered a judgment and decree of divorce, which imposed an obligation on appellant to pay defendant-appellee, Patrick Moffett, "spousal support in the amount of $750.00 per month commencing April 1, 2017 for a term of forty-eight (48) months" subject to some specified limitations. (Mar. 13, 2017 Decision & Entry at 6.) Appellant did not appeal this judgment.

{¶ 3}   On June 27, 2017, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), seeking relief on the grounds that the trial court made a mistake in assessing the amount of certain discretionary contributions appellant made to her children's college fund accounts.   Appellant also argued that the trial court erred in assessing appellant's ability to pay the amount of spousal support awarded in the order. The trial court denied appellant's Civ.R. 60(B) motion.   Appellant appeals assigning as error:

> The trial court erred when it failed to grant relief under Civ.R. 60(B) for its mistake.

## LEGAL ANALYSIS

{¶ 4}   "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:  (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  However, Civ.R. 60(B) relief is not available as a substitute for an appeal. *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-537, 2005-Ohio-6887, ¶ 9, quoting *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982); *Daroczy v. Lantz*, 10th Dist. No. 02AP-31, 2002-Ohio-5417, ¶ 34 (alleged errors that could have been corrected by timely a appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment).

{¶ 5}   The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Richardson v. Richardson*, 10th Dist. No. 07AP-287, 2007-Ohio-6642, ¶ 7.  An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 6}   In her sole assignment of error, appellant principally argues that the trial court erred when it denied her Civ.R. 60(B) motion because in the trial court's underlying judgment and decree of divorce, it mistakenly found (1) that appellant has more

discretionary income than the evidence indicated, and (2) that appellant has the financial ability to comply with the spousal support order when the evidence indicated she lacks that ability. In essence, appellant argues that the trial court should have granted her Civ.R. 60(B) motion because the trial court misconstrued the evidence in determining the amount of spousal support awarded in the divorce decree. Appellant misapprehends the purpose and reach of a Civ.R. 60(B) motion.

{¶ 7} "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Bank of Am. N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 16 (Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision."). Where the alleged error is apparent from the record, an appeal will lie; where it is not, relief can be sought under Civ.R. 60. When a movant merely asserts arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available. *Deutsche Bank Trust Co. Ams. v. Ziegler*, 2d Dist. No. 26287, 2015-Ohio-1586, ¶ 56; *Blount v. Smith*, 8th Dist. No. 96991, 2012-Ohio-595, ¶ 9 (Civ.R. 60(B) motion for relief from judgment may not be used as a substitute for a timely appeal).

{¶ 8} Here, appellant argues that the trial court made a mistake and entered a support order that is not supported by the evidence. Because the basis for this argument is in the record, appellant's remedy was a timely appeal–not a Civ.R. 60(B) motion. Res judicata bars appellant from asserting this argument in a Civ.R. 60(B) motion. *See Kuchta* at ¶ 16. Therefore, the trial court did not abuse its discretion by overruling the motion.[1]

{¶ 9} For this reason, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

———————

[1] Although Civ.R. 60(B)(1) refers to "mistake, inadvertence, surprise or excusable neglect," this language does not refer to a mistake in the trial court's ruling, as a Civ.R. 60(B) motion is not a substitute for an appeal. *Harris* at ¶ 10; *Culgan v. Miller*, 9th Dist. No. 10CA0074-M, 2011-Ohio-6194, ¶ 12 (a factual or legal mistake by the trial court is not the type of mistake contemplated by Civ.R. 60(B)(1)).