[Cite as *State v. Berk*, 2022-Ohio-2297.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 21AP-121 |
| v. | : | (C.P.C. No. 85CR-0067) |
| Otto Berk, III, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 30, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Otto Berk, III*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Otto Berk, III, appeals from a judgment of the Franklin County Court of Common Pleas denying his motions for relief from judgment. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In 1985, a jury returned a verdict finding appellant guilty of aggravated murder arising out of the death of his former wife, Vicki Berk. Appellant appealed his conviction, and this court affirmed the judgment of the trial court. *See State v. Berk*, 10th Dist. No. 85AP-720 1986 Ohio App. LEXIS 5597 (Feb. 11, 1986).

{¶ 3} On July 12, 2019, appellant filed a motion for leave to file a motion for new trial as well as a motion for new trial pursuant to Crim.R. 33(A)(6). In his motion for new trial, appellant argued in part that on January 4, 1985, he had "approached his ex-wife,

Vicki Berk, in the driveway in the back of her home * * * to speak to her about why he could not see his children because she was keeping them from him." (July 12, 2019 Mot. at 1.) According to appellant, "[a]n argument broke out and Vicki attempted to strike [appellant] in the head with an axe she had concealed in her right hand, which was tucked in a fold of a full length sleeveless cloak she was wearing. At that point, [appellant] drew a knife from his waist belt and killed his ex-wife Vicki." *Id.*

{¶ 4} In the motion, appellant asserted "[n]ew evidence has recently come to light * * * and will prove Vicki, his ex-wife, did indeed have a strong motive to discredit and yes, even kill him." *Id.* at 2. Appellant argued that on June 9, 1984, his ex-wife called the police and reported appellant "had come home drunk and beat her up." *Id.* at 4. Further, "[o]n June 12, 1984, * * * Vicki went to the night prosecutor's office and filed a complaint." *Id.* According to appellant, he "knew nothing of what had transpired * * * until he was summoned by the night prosecutor to his office on June 19, 1984. At that time, he [i.e., the prosecutor] explained the situation to [appellant] and told him to be careful, because for some reason 'Your wife is trying to have you locked up.' " *Id.*

{¶ 5} Appellant stated that no charges were ever filed against him as a result of this complaint. While acknowledging "[t]his incident concerning the false complaint Vicki filed is not in and of itself new evidence," appellant maintained "[i]t goes to show and support [appellant's] claim that this was the beginning of a purpose by Vicki to discredit [him] and eventually obtain a protection order to keep [him] away from her, her home * * *, and the children so that he would not discover that she was [seeing another man]." *Id.* at 5. Appellant asserted that his wife was "having an extra marital affair" with a man named Phillip Miller, and that Miller was responsible for the death of an eight-year-old girl in 1982. *Id.* at 2. Appellant argued that Vicki placed herself and her children in extreme danger "[b]y being intimately involved with Philip Miller after the murder of [the eight-year-old girl]." *Id.* at 9.

{¶ 6} On January 29, 2020, the state filed a memorandum contra appellant's motion for leave and motion for new trial, arguing it was "not clear" how evidence as to appellant's ex-wife having an affair with an individual "named Phillip Miller" (who purportedly killed a girl) "has anything to do with [appellant's] aggravated-murder conviction." (Jan. 29, 2020 State's Memo Contra at 2.) The state further argued that "none

of the evidence attached to [appellant's] new-trial motion was undiscoverable at the time of trial with reasonable diligence." *Id.*

{¶ 7} By decision and entry filed on February 11, 2020, the trial court denied appellant's motion for leave and motion for new trial. In its decision, the trial court initially addressed appellant's motion for leave to move for a new trial, holding in part:

> Here, this Court finds Defendant has not satisfied the burden necessary to be granted leave to file a motion for new trial under Crim.R. 33. Defendant offers no explanation for why he waited over thirty years to file his motion for leave and motion for new trial. Defendant claims that his ex-wife, the victim Vicki, had a motive to kill him, which would have supported his self-defense theory at trial. He goes on to say that Vicki babysat a girl named [the eight-year-old], Vicki had an affair with someone named Phillip Miller, Phillip Miller killed [the eight-year-old], and Phillip Miller is now dead. However, Defendant admits that he knew about this before his trial. * * * Defendant's motion is essentially a fishing expedition, as he hopes to obtain evidence to support this theory. * * *
>
> Defendant also has offered no evidence that he was unavoidably prevented from obtaining any of the documents attached to his motion prior to trial, nor does he explain how these documents were ultimately discovered. The Night Prosecutor Complaint Form attached to his motion for new trial is dated June 18, 1984, which is well before Defendant was convicted in July of 1985. Defendant even admits that this document is not new evidence. * * * Without any proof about how or when Defendant obtained the documents attached to his motion this Court finds Defendant has wholly failed to establish he was "unavoidably" prevented from discovering the alleged new evidence actually attached to his motion.

(Feb. 11, 2020 Decision & Entry at 2-3.)

{¶ 8} While determining that leave to file a motion for new trial was not warranted under Crim.R. 33(B), the trial court further addressed the merits of the motion for new trial itself, holding in part:

> The Court finds there is no newly discovered evidence, let alone newly discovered evidence that discloses a strong possibility of a different result at trial. First, Defendant does not have any new evidence that supports his allegations about Vicki, Phillip Miller, and [an eight-year-old girl]. By Defendant's own

admissions the murder of Kelly is a cold-case, and he has no evidence to support his claim that Phillip Miller murdered [an eight-year-old girl]. * * * He also admits that he was aware of these alleged facts before he killed Vicki, because he learned this information from Vicki.

Even if Defendant had new evidence to support this theory, it is unclear how Defendant's allegations about Vicki, Phillip Miller, and the murder of Kelly Ann Prosser would result in a different result at trial. In his motion, Defendant admits that he killed Vicki. * * * He admits that Vicki had a protection order against him. * * * He admits that he frequently violated that protection order. * * * He also admits that on one occasion he violated the protection order and struck Vicki in the jaw. * * * Thus, nothing Defendant attached to or alleged in his motion shows a strong possibility of a different result at trial.

(Feb. 11, 2020 Decision & Entry at 4-5.)

{¶ 9} Appellant did not appeal the trial court's decision and entry of February 11, 2020. On February 9, 2021, appellant filed, pursuant to Civ.R. 60(B)(1) and (2), a motion for "Relief from Judgment or Order" of the trial court's decision and entry (of February 11, 2020) denying his motion for leave and motion for new trial. Appellant filed a similar motion for relief from judgment on February 10, 2021, again citing Civ.R. 60(B)(1) and (2). The state filed a memorandum contra the motions.

{¶ 10} By decision and entry filed on February 26, 2021, the trial court denied appellant's motions. In its decision, the trial court initially determined "the motions are really petitions for postconviction relief pursuant to R.C. 2953.21 et seq," and that the motions "are, therefore, time barred" as appellant "has not established the jurisdictional criteria for untimely postconviction petitions set forth in R.C. 2953.21(A)(1)(a) & (b)." Alternatively, the trial court noted appellant "never appealed the Court's February 2020 decision," and thus the "current motions are barred by res judicata." On March 25, 2021, appellant filed a notice of appeal from the trial court's decision and entry of February 26, 2021.

## II. Assignments of Error

{¶ 11} Appellant, pro se, assigns the following assignments of error for our review:

[1.] The Trial Court, hereafter known as the lower Court, erred, made a mistake, it denied appellant of his constitutional rights to due process, equal protection and a fair trial when on Feb. 26, 2021 it denied appellant's Ohio Civil R. 60(B)(1)(2) Motion I filed on Feb. 9, 2021 to have the lower Court's Feb. 11, 2020 denial of appellant's Leave of Court and New Trial Motions filed on July 12, 2019 set aside or vacated. The lower Court ruled incorrectly that my Civ. R. 60(B)(1)(2) Motion is a postconviction petition and barred by res judicata. Especially so, since it was aware of the issue.

[2.] The lower Court erred when it denied appellant's Ohio Civil R. 60 (B)(1)(2) Motion on Feb. 26, 2021, by ignoring the clear instructions, (for judges I presume) concerning a Ohio Civil R. 60 Motion in the book, Ohio Civil Rules, Third Edition, pg. 373, section 13.35. Where it states at "(4) the experience and understanding of the defendant with respect to litigation matters. Doubt, if any, should be resolved in favor of the motion to vacate." The lower Court should have given appellant as a pro se defendant greater latitude, the benefit of a doubt. Especially since it knew the instructions.

[3.] The lower Court erred, it denied and violated appellant's constitutional rights to due process and equal protection when it denied appellant's Civ. R. 60(B)(1)(2) Motion on Feb. 26, 2021. Just (3) three days after the Assistant Prosecutor filed his theory of what he thought appellant's Civ. R. 60(B)(2) Motion was on Feb. 23, 2021. See Exhibits E1, E2, F1 and F2. Effectively denying appellant of his allotted time to respond to the Assistant Prosecutor's Memorandum Contra Motion. This total disregard for the rule of law can not be allowed to stand. Appellant was denied due process and equal protection. Appellant filed a response to memorandum contra motion on March 9, 2021 and has received no ruling. See Exhibits D1, D2 and D3. Other than the remedy, this third error of the premature denial of appellant's Ohio Civil R. 60 (B)(1)(2) Motion Relief From Judgment Or Order needs no further explanation, since the lower Court had no way of knowing how appellant would have responded to the memorandum contra motion filed by the assistant prosecutor on Feb. 23, 2021.

(Sic passim.)

{¶ 12} Appellant's first and second assignments of error are interrelated and will be considered together. Under these assignments of error, appellant asserts the trial court

erred by recasting his motions as a petition for postconviction relief, and further argues the trial court erred in denying his motions on res judicata grounds; appellant contends he was entitled to relief under Civ.R. 60(B)(1) and (2).

{¶ 13} We initially address appellant's contention that the trial court erred in recasting his motions as a petition for postconviction relief. In response, the state argues the trial court properly treated the motions as a postconviction petition and properly denied them as untimely under R.C. 2953.21(A). The state further argues that, whether construed as a petition for postconviction relief or treated under Civ.R. 60(B), the motions were barred under the doctrine of res judicata.

{¶ 14} In general, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993. Such an irregular motion "meets the definition of a motion for postconviction relief set forth in R.C. 2953.21(A) " where it "(1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). In *Schlee*, the Supreme Court of Ohio, relying on the above elements in *Reynolds*, held it was appropriate for a trial court to recast a defendant's Civ.R. 60(B) motion "styled 'Motion to Correct or Vacate Sentence' " as a petition for postconviction relief where the defendant's motion "was filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him." *Schlee* at ¶ 12.

{¶ 15} In the present case, appellant sought to bring his motions pursuant to Civ.R. 60(B) and Crim.R. 57(B). Crim.R. 57(B) states: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Thus, Crim.R. 57(B) "permits a court to look to the rules of civil procedure if no applicable rule of criminal procedure exists." *State v. Scruggs,* 10th Dist. No. 02AP-621, 2003-Ohio-2019, ¶ 18. In this respect, this court has noted that "on occasion courts, including this court, have considered Civ.R. 60(B) challenges in criminal cases." (Citations omitted.) *Id.*

{¶ 16} Here, appellant cited Civ.R. 60(B)(1) and (2) as grounds for relief in seeking to have the trial court vacate its decision and entry denying his motion for leave and motion for new trial, and the motions themselves did not claim a denial of constitutional rights or seek to render the judgment void. Because the relief requested does not fit squarely within the criteria outlined in *Schlee*, we will consider the motions under Civ.R. 60(B) as opposed to the postconviction statutory framework. *See*, *e.g.*, *State v. Bang To,* 10th Dist. No. 18AP-751, 2019-Ohio-1795, ¶ 25 (finding appellant's Civ.R. 60(B) motion, which "did not hinge on alleged constitutional deprivations[,] * * * does exist 'independently' from a hypothetical motion for postconviction relief" and was therefore subject to review under Civ.R. 60(B)); *State v. Brown,* 11th Dist. No. 2011-T-0101, 2012-Ohio-4465, ¶ 13 ("as appellant's motion did not meet the four characteristics of a petition for postconviction relief [as cited in *Schlee*], we address his motion under Civ.R. 60(B)").

{¶ 17} As noted, while the trial court recast the motions and found the "petitions" to be untimely under R.C. 2953.21, the court alternatively found that appellant's "current motions are barred by res judicata." (Feb. 26, 2021 Decision & Entry.) Appellant also challenges that determination on appeal, and we therefore turn to the issue of whether the trial court erred in concluding that res judicata barred the motions.

{¶ 18} Civ.R. 60(B) "allows relief from a judgment or order based on mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or 'any other reason justifying relief from the judgment.' " *State v. Reynolds,* 5th Dist. No. 09-CA-13, 2009-Ohio-3998, ¶ 12, quoting Civ.R. 60(B). In order to prevail on a Civ.R. 60(B) motion, a movant is required to demonstrate: "(1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." *State v. Parker,* 8th Dist. No. 95544, 2011-Ohio-1102, ¶ 8, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. An appellate court "reviews a trial court's denial of a Civ.R. 60(B) motion under an abuse of discretion standard." *State v. Felder,* 10th Dist. No. 07AP-148, 2007-Ohio-4595, ¶ 8, citing *Harris v. Anderson,* 109 Ohio St.3d 101, 2006-Ohio-1934.

{¶ 19} Under Ohio law, " ' "[r]es judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time." ' " *Durst v. Nutter*, 4th Dist. No. 20CA5, 2021-Ohio-

710, ¶ 10, quoting *In re L.S.,* 4th Dist. No. 20CA3719, 2020-Ohio-5516, quoting *State v. Griffin,* 138 Ohio St.3d 108, 2013-Ohio-5481, ¶ 3.  Thus, " 'if a Civ.R. 60(B) motion raises issues that the movant could have challenged on direct appeal, then the doctrine of res judicata prevents the movant from employing Civ.R. 60(B) as a means to set aside the court's judgment.' "  *Id.,* quoting *Sydnor v. Qualls*, 4th Dist. No. 15CA3701, 2016-Ohio-8410, ¶ 29.

{¶ 20} In his Civ.R. 60(B) motions (filed on February 9 and 10, 2021), appellant asserted the trial court "erred in the judgment of the facts as presented by the defendant when it entered its decision * * * denying defendant's motions for leave and for new trial." (Feb. 10, 2021 Mot. for Relief from Jgmt. at 1.)  Appellant further argued the trial court "erred by assuming what a jury will or will not do when presented with mitigating evidence." (Feb. 9, 2021 Mot. for Relief from Jgmt. at 5.)  While appellant sought to utilize Civ.R. 60(B)(1) to assert the trial court erred in denying his motion for leave and motion for new trial, "an error by the trial court in the application of the law is not the sort of 'mistake' that entitles one to relief under Civ.R. 60(B)(1)."  *Parker* at ¶ 11.  Rather, "[t]he rule is intended to address the mistake or inadvertence of parties or their agents."  *Id.*  Thus, appellant's "remedy for the trial court's alleged error was to appeal" the trial court's ruling denying his motion for leave to file a motion for new trial.  *Id.*  In a similar vein, appellant sought to utilize Civ.R. 60(B)(2) (which permits a trial court relieve a party from a final judgment based upon "newly discovered evidence") to challenge the trial court's determination, in its decision and entry denying leave to file a motion for new trial, that appellant "has wholly failed to establish he was 'unavoidably' prevented from discovering the alleged new evidence actually attached to his motion." (Feb. 11, 2020 Decision & Entry at 3.)  Again, appellant's remedy for the trial court's purported error in determining there was no new evidence to support the motion for leave to move for a new trial was to appeal that judgment.

{¶ 21} We note that in appellant's response to the state's memorandum contra his motion for relief from judgment (filed on March 9, 2021), he presented a new argument not set forth in his motions filed on February 9 and 10, 2021.  Specifically, appellant requested the trial court to now "strike Civ.R. 60(B)(2) in its entirety" and to "consider Civ.R. 60(B)(1) only as it pertains to the Night Prosecutor Complaint Form being a 'mistake' as not being

considered as newly discovered evidence due to 'excusable neglect' by the defendant." (Emphasis deleted.) (Appellant's Response to Memo Contra at 2.)  Appellant's new argument, however, which he further asserted "now makes [the state's] claim of res judicata moot," was simply an attempt to recharacterize his earlier claim (i.e., which relied on Civ.R. 60(B)(2)) that the trial court made an erroneous legal ruling in its 2020 decision by holding appellant was not unavoidably prevented from discovering the Night Prosecutor Complaint Form.  *Id*. at 2-3.  Again, appellant's claim of a "mistake" with respect to the trial court's determination that the Night Prosecutor Complaint Form was not newly discovered evidence is not the type of mistake contemplated by Civ.R. 60(B)(1).  *Parker* at ¶ 11.  *See also Rakosky v. Physician Providers, Inc.,* 4th Dist. No. 07CA758, 2007-Ohio-6574, ¶ 12 ("A trial court's factual or legal mistake is not the sort of 'mistake' contemplated by Civ.R. 60(B)(1).").

{¶ 22}  Accordingly, a review of the motions filed by appellant seeking relief from the trial court's decision and entry of February 11, 2020 indicates he has sought to use Civ.R. 60(B) as a substitute for appeal.  However, " '[i]t is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion.' "  *Walters v. Moffett*, 10th Dist. No. 18AP-46, 2018-Ohio-3690, ¶ 7, quoting *Bank of Am. N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 16.  *See also State v. Barcus*, 5th Dist. No. 09 CA 51, 2009-Ohio-3388, ¶ 31 ("It is well settled that a Civ.R. 60(B) motion cannot be used as a substitute for a direct appeal of a judgment.").  Thus, "[w]hen a movant merely asserts arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available."  *Walters* at ¶ 7.

{¶ 23}  Here, because the issues raised in this appeal could have been raised on direct appeal from the trial court's entry denying appellant's motion for leave and motion for new trial, the doctrine of res judicata "bars his Civ.R. 60(B) challenge." *State v. Greenberg*, 10th Dist. No. 12AP-602, 2013-Ohio-1638, ¶ 15.  Accordingly, the trial court did not err in denying the motions based on the doctrine of res judicata.

{¶ 24} Appellant's first and second assignments of error are not well-taken and are overruled.

{¶ 25} Appellant contends, under his third assignment of error, that the trial court erred in denying his motions by ruling on them before he could respond to the state's memorandum contra. By way of background, on February 23, 2021, the state filed a memorandum contra the motions for relief from judgment in which the state argued in part that appellant's motions should be recast as a petition for postconviction relief. On March 9, 2021 (and subsequent to the trial court's decision and entry of February 26, 2021), appellant filed a response to the state's memorandum contra asserting that his Civ.R. 60(B) motion was not a petition for postconviction relief and requesting (as noted above in addressing the prior assignments of error) the trial court to "rule[] that the Night Prosecutor Complaint Form is newly discovered evidence." (Appellant's Response to Memo Contra at 3.) In light of our disposition of the first two assignments of error, finding that the trial court did not err in denying the motions for relief from judgment based on res judicata (and where, as discussed above, appellant's response failed to present appropriate grounds for relief), appellant has failed to demonstrate prejudice under this assignment of error.

{¶ 26} Appellant's third assignment of error is overruled.

{¶ 27} Based on the foregoing, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

———————————