[Cite as *CitiMortgage, Inc. v. Eschbaugh*, 2012-Ohio-5140.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| CITIMORTGAGE, INC. | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-21 |
| KEITH D. ESCHBAUGH, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Fairfield County Court
of Common Pleas, Case No. 06CV0587

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 1, 2012

APPEARANCES:

For Plaintiff-Appellee      For Defendants-Appellants

HARRY FINKE      MARC DANN
GRAYDON HEAD & RITCHEY LLP      GRACE DOBERDRUK
1900 Fifth Third Center      4600 Prospect Avenue
511 Walnut Street      Cleveland, OH 44103
Cincinnati, OH 45202

*Gwin, P.J.*

{¶1} Defendants-appellants Keith and Debra Eschbaugh appeal a judgment of the Court of Common Pleas of Fairfield County, Ohio, which overruled their motion to vacate the court's prior judgment entered in favor of plaintiff-appellee CitiMortgage, Inc. Appellants assign a single error to the trial court:

{¶2} "I. IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO DENY APPELLANTS' 60(B) MOTION TO VACATE WITHOUT HOLDING A HEARING."

{¶3} The record indicates appellee filed its complaint in foreclosure on June 8, 2006. Appellee alleged it is the holder of the Note executed by appellants, but it did not attach a copy of the note and mortgage to the complaint as required by Civ. R. 10 (D). On July 26, 2006, appellants filed an answer to the complaint.

{¶4} On August 11, 2006, appellee filed a motion for summary judgment, including an affidavit in support which stated it was the holder of the Note, although appellee did not attach a copy of the Note to the affidavit. Appellants did not respond to the motion for summary judgment, but instead, on about October 2006 they filed a Chapter 13 bankruptcy petition which stayed the foreclosure action. In May 2009, the bankruptcy court dismissed the Chapter 13 proceeding for failure to comply with the terms of the plan.

{¶5} The trial court restored the foreclosure action to its active docket and scheduled a new hearing on the pending motion for summary judgment on October 21, 2009. Appellants did not respond to the motion and the trial court entered summary judgment in appellee's favor on December 15, 2009. The court ordered the property

sold at a sheriff's sale, but on March 31, 2010, appellants filed a second Chapter 13 bankruptcy petition, which again stayed the foreclosure action.

**{¶6}** On January 12, 2012 the bankruptcy court dismissed the Chapter 13 proceeding. The court returned the foreclosure action to its active docket and appellants then filed their motion for relief from judgment under Civ. R. 60 (B)(5).

**{¶7}** Civ. R. 60 states:

(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶8} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion must be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 406, 453 N.E.2d 648, 651 (1983).

{¶9} The decision to grant or deny a Civ.R. 60(B) motion lies within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Strack v. Pelton,* 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Appellants brought the motion under Civ.R. 60(B)(5), which is not subject to the one-year limitation. Appellants argued the motion was timely because the matter had been stayed by the bankruptcy court.

{¶10} Civ. R. 60(B)(5) applies only when a more specific provision does not apply. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983). Appellants brought their motion under subsection (5), although their brief asserts both that appellee did not prove standing to bring the action, and also that appellee perpetrated a fraud on the court by alleging it was the holder of the note when in fact it did not produce it. Allegations of fraud are properly brought under Civ.R. 60(B)(3), which is subject to the one-year limitation.

{¶11} The trial court addressed the matter only on the law regarding subsection (5), and we will do likewise. Thus, the question of whether appellants' motion was timely is whether it was reasonable under the facts and circumstances of the case. *Colley v. Bazell,* 64 Ohio St.2d 243, 249-250, 416 N.E.2d 605 (1980).

{¶12} The trial court found the motion was untimely. The court noted that unlike many Civ. R. 60(B) movants, appellants were represented throughout the course of the action and had filed a timely answer to the complaint.  The court found seven months passed between the dismissal of the first Chapter 13 petition and the court's entry of summary judgment against appellants.  Another two months had passed after the entry of judgment before the action was stayed in the second Chapter 13 petition. Appellants never filed a response to the motion for summary judgment.

{¶13} We find the trial court did not abuse its discretion in finding the motion was untimely.

{¶14} Appellants also argue the court erred in not conducting a hearing before ruling on their motion. Because the trial court found the motion was untimely, it did not address the merits of the motion. We find no error herein.

{¶15} Finally, the trial court noted Civ. R. 60 (B) is not a substitute for a direct appeal or to challenge the merits of the court's decision. *Blasco v. Mislik,* 69 Ohio St. 2d 684, 686, 433 N.E. 2d 612 (1982). The December 15, 2009 summary judgment was a final appealable order which could have been brought before this court. Appellants do not argue they are entitled to relief from the judgment because they were unaware or otherwise unable to perfect a timely appeal. Their second bankruptcy petition was filed

some three one-half months after the entry of the summary judgment, well after the time for appeal had run.

{¶16} We find the trial court did not err in determining appellants' motion pursuant to Civ. R. 60 (B) was untimely given the particular facts and circumstances of the case. For this reason, the court did not err in failing to conduct a hearing on the merits of the motion.

{¶17} The assignment of error is overruled.

{¶18} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS


WSG:clw 1019

[Cite as *CitiMortgage, Inc. v. Eschbaugh*, 2012-Ohio-5140.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KEITH D. ESCHBAUGH, ET AL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-21 |

 

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas of Fairfield County, Ohio, is affirmed.  Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS